SARY KOOI et al., Appellants, v RODERICK CHU et al., Constituting the New York State Tax Commission, et al., Respondents.

Third Department, July 9, 1987

APPEARANCES OF COUNSEL

*Marjorie Karowe* for appellants.

*Robert Abrams, Attorney-General (Julie S. Mereson* and *William J. Kogan* of counsel), for respondents.

## OPINION OF THE COURT

KANE, J. P.

As part of an effort to increase taxpayer compliance, defendant Department of Taxation and Finance created the Division of Tax Enforcement. The Bureau of Internal Affairs, part of this Division, was created to investigate employee misconduct or bribery. To insure compliance by Department personnel with income tax filing requirements while increasing enforcement efforts in general, the Bureau investigated whether all employees had complied with Tax Law § 651, which requires the filing of personal income tax returns. This investigation resulted in a determination that certain employees had not filed income tax returns. Among those who had not filed returns was plaintiff Sary Kooi. Once a list was compiled of those Department employees who had not filed returns, James R. Ziemba, Director of the Bureau, sent letters between November 1984 and January 1985 notifying employees of the problem and giving them an opportunity to update or correct any mistake in the Department's records. In those cases in which no reply was received, a second letter was sent out, followed by attempted personal interviews with involved employees. Delinquent employees were also served with notices of discipline for their failure to file which indicated that the Department proposed certain disciplinary action, in Kooi's case a one-month suspension without pay. These employees also received letters demanding that they comply with the tax laws by June 10, 1985 or the penalty sought would be upgraded to dismissal.

Plaintiffs brought this action in October 1985 for a declaration that defendants had violated Tax Law §§ 384 and 697, Public Officers Law § 96 and their own guidelines for access to tax information. Plaintiffs also sought an order enjoining defendants from utilizing tax information to discipline the employees. Defendants answered and subsequently moved for summary judgment and a declaration that they did not violate Tax Law §§ 384 and 697, Public Officers Law § 96 or Department guidelines. Plaintiffs cross-moved for leave to maintain the action as a class action and for summary judgment. Special Term granted defendants' motion and denied plaintiffs' cross motion. This appeal ensued.

We affirm. Tax Law §§ 384 and 697 prohibit disclosure of "the amount of income or any particulars set forth or disclosed in any report or return required" (Tax Law § 384 [1]; § 697 [e]).* The language employed clearly restricts the application of the statutes to information whose source is a filed tax return or report. The purposes of the statutory prohibition support such a reading. The policy behind the secrecy provisions is twofold: to protect personal privacy interests in the information on a return, which may reveal information concerning a person's activities, associations and beliefs, and to encourage voluntary compliance with the tax laws by preventing use of return information to harm the reporting taxpayer *(Matter of New York State Dept. of Taxation & Fin. v New York State Dept. of Law,* 44 NY2d 575). Neither of these policy considerations are implicated in the disclosure of the fact that a taxpayer has failed to file a return. Since no information was supplied by the taxpayer, no privacy considerations as to information disclosed by the taxpayer comes into play. Additionally, disclosure of the fact that no return was filed does not discourage voluntary compliance, but actually encourages it.

Additionally, we agree with Special Term that Public Officers Law § 96 (1) (b) allowed for the disclosure which occurred in this case. Public Officers Law § 96 provides, *inter alia,* that:

"(1) No agency may disclose any record or personal information unless such disclosure is * * *

"(b) to those officers and employees of, and to those who contract with, the agency that maintains the record if such disclosure is necessary to the performance of their official duties pursuant to a purpose of the agency required to be accomplished by statute or executive order or necessary to operate a program specifically authorized by law".

The determinative question presented here is whether disclosure was "necessary to the performance of their official duties pursuant to a purpose of the agency required to be accomplished by statute * * * or necessary to operate a program specifically authorized by law" (Public Officers Law § 96 [1] [b]). In our opinion, discipline of nonfiling employees is neces-

---

* While plaintiffs cite both Tax Law §§ 384 and 697, the relevant language in the statutes is identical. Since Tax Law § 384 apparently applies to tax years ending before December 31, 1960 and Tax Law § 697 is applicable to tax years ending on or after that date *(see,* L 1961, ch 170, § 1), subsequent references will be to Tax Law § 697 only.

sary to effectuate the Department's function of collecting taxes and ensuring compliance with the tax laws. Indeed, the failure to discipline nonfiling employees would undoubtedly have serious effects on, *inter alia,* the public's perception of the Department's integrity and the need to comply with the State tax laws.

We note that plaintiffs have not pursued on appeal their allegation presented at Special Term that the Department violated its own rules. In any event, we have examined this contention and find it to be without merit. Since we affirm the court's grant of summary judgment to defendants, it is unnecessary to address plaintiffs' request for the action to proceed as a class action.

MAIN, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, without costs.