■ ART LEATHER MFG. CO., INC., Petitioner, v STATE DIVISION OF HUMAN RIGHTS, on Complaint of LUZ SERNA, Respondent.— Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights, dated October 7, 1986, which held, inter alia, that the petitioner had discriminated against the complainant Luz Serna because of her sex, denying her pregnancy-related disability benefits, and ordered the petitioner to pay her $445.28 plus interest.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs to the Commissioner of the New York State Division of Human Rights, payable by the petitioner, to be taxed by the County Clerk of Kings County, under CPLR 8201 and 8301.

On June 22, 1977, the complainant Luz Serna filed a complaint with the New York State Division of Human Rights (hereinafter the division) alleging discrimination based upon her sex after having been denied disability benefits by her employer's insurance carrier, Beneficial National Life Insurance Company, on June 14, 1977. Serna's physician had advised her to cease working due to hyperemesis gravidica, a pregnancy-related condition. After the division found that it had probable cause to believe that Serna's employer had engaged in an unlawful discriminatory practice, a public hearing was held on May 22, 1979. Due to a misunderstanding, the hearing transcript was not prepared or supplied to the division and another hearing was ordered for August 12, 1981, at which Serna failed to appear. The division accepted

Serna's written explanation of her failure to appear and ordered a new hearing which took place on March 11, 1983. The order of the Commissioner of the State Division of Human Rights was finally issued on October 7, 1986, with an explanation that it had been held pending resolution of preemption questions with respect to the applicability of the Federal Employee Retirement Income Security Act of 1974 in pregnancy cases.

Absent a showing of substantial prejudice, the time limitations enunciated in Executive Law § 297 are directory, not mandatory (see, Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816; Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd., 35 NY2d 371, 380-381, rearg denied 36 NY2d 807; Matter of Glen Cove Mun. Civ. Serv. Commn. v Glen Cove Natl. Assn. for Advancement of Colored People, 34 AD2d 956). The time limitations are for the benefit of complainants and cannot be used to shelter violators of the statute (see, Matter of Sarkisian Bros. v State Div. of Human Rights, supra; Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd., supra). Here, although this court finds the protracted delay in the resolution of this case deplorable, Serna's employer has not demonstrated that it was prejudiced thereby.

The Commissioner's finding that correspondence with the division reflected a desire of Serna's attorney to stay proceedings pending resolution of Serna's workers' compensation claim rather than a withdrawal of the complaint was a legitimate exercise of his inference-drawing function at the fact-finding level and should be upheld (see, State Div. of Human Rights v Wagner, 39 NY2d 865, 866; see also, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Pell v Board of Educ., 34 NY2d 222).

The Commissioner's findings with regard to Serna's periods of disability were based upon substantial evidence in the record and should be upheld (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra; Matter of Pell v Board of Educ., supra).

We have reviewed the petitioner's other contentions and find them to be without merit. Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.