■ DUNE ROAD ASSOCIATION OF WESTHAMPTON et al., Appellants, v THOMAS JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent.—

The defendant's final identification of the subject areas as "coastal erosion hazard areas" pursuant to ECL article 34 did not create any basis for the plaintiffs' challenge to the statute and regulations as unconstitutionally vague (see, ECL 34-0103; 6 NYCRR part 505 et seq.; Matter of Consolidated Edison Co. v Department of Envtl. Conservation, 71 NY2d 186, 191; see also, Matter of City of Utica v Water Pollution Control Bd., 5 NY2d 164, 168-169). The final identification, standing alone, did not constitute an unconstitutional taking of the subject properties (see, e.g., United States v Riverside Bayview Homes, 474 US 121, 126-127; Matter of Wedinger v Goldberger, 71 NY2d 428, 439-440, cert denied 488 US 850). Moreover, the Legislature expressly provided an administrative appeal procedure in order to contest the inclusion of property in the coastal erosion hazard area (see, ECL 34-0108 [2]; 34-0112; 6 NYCRR 505.10, 505.21). Since, under the procedure, the defendant agency must first reconsider the boundaries based upon technical data, it should be given the opportunity to do so prior to any judicial review of the determination (see, Unemployment Commn. v Aragon, 329 US 143, 155; Young Men's Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375; Aldrich v Pattison, 107 AD2d 258, 267-268). As a result, the Supreme Court properly dismissed the plaintiffs' complaint based upon the failure to exhaust administrative remedies. Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.