■ GEORGE T. HAWES, Appellant, v STATE OF NEW YORK et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the moratorium provisions of ECL 15-2710 are unconstitutional, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Hand, J.), dated August 17, 1989, which granted the defendants' separate motions to dismiss the complaint and denied the plaintiff's cross motion for partial summary judgment.

Ordered that the order is affirmed, with one bill of costs.

Since 1983 the plaintiff has been the owner of an undeveloped parcel of realty abutting the Beaverdam Creek in the Town of Brookhaven. In 1988, soon after the plaintiff had obtained conditional preliminary subdivision approval from the town, the State Legislature amended ECL 15-2710 to impose a moratorium on development along the creek in order to study the area for possible inclusion in the State's "Wild, Scenic and Recreational Rivers System Act" (ECL art 15, tit 27). The moratorium is to expire in five years or when the creek is added to the State's wild, scenic and recreational rivers system, whichever occurred first.

On this appeal, the plaintiff argues that the moratorium legislation constitutes a de facto taking of his property with-

out due process or just compensation in violation of the Federal and State Constitutions. However, the plaintiff has failed to file a complete application to the New York Department of Environmental Conservation (hereinafter DEC) for a permit exempting him from the moratorium (ECL 15-2710 [2]), and thus, there still has been no decision rendered by the DEC. By first resorting to the courts instead of exhausting available administrative remedies, the plaintiff has acted prematurely and is not entitled to any relief (see, Matter of Wedinger v Goldberger, 71 NY2d 428; de St. Aubin v Flacke, 68 NY2d 66).

In any event, no "taking" has been established. Since there has been no denial of an application for a permit, the plaintiff cannot yet possibly show that he has been denied " 'economically viable use of his land' ", nor can he reasonably argue that the statute " 'does not substantially advance legitimate state interests' " (United States v Riverside Bayview Homes, 474 US 121, 126, quoting from Hodel v Virgina Surface Min. & Reclamation Assn., 452 US 264, 293-297; see, Matter of Wedinger v Goldberger, supra; de St. Aubin v Flacke, supra; French Investing Co. v City of New York, 39 NY2d 587; ECL 15-2701 [1], [3]).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.