■ In the Matter of LAWRENCE LEVINE, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent dated October 8, 1987, finding that the petitioner is unfit to return to his duties as a teacher, the petitioner appeals (1) from a decision of the Supreme Court, Kings County (Spodek, J.), dated May 5, 1988, which held that the proceeding should be dismissed without prejudice to renewal pursuant to CPLR article 75 after an independent evaluation by a medical arbitrator pursuant to the terms of the parties' collective bargaining agreement, (2), as limited by his brief, from so much of an order of the same court,

dated October 31, 1988, as, upon reargument, adhered to the original determination in the decision, and (3) from a judgment of the same court, dated May 11, 1989, which, *inter alia,* dismissed the proceeding, without prejudice to renew following an independent evaluation by a medical arbitrator pursuant to the terms of the collective bargaining agreement.

Ordered that the appeal from the decision and the order are dismissed, as no appeal lies from a decision or an order made upon reargument of a decision adhering to the original determination made in that decision; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

In January 1984 the respondent was notified by the petitioner's physician that the petitioner was under his care for anxiety neurosis and was totally disabled. The petitioner was thereafter examined by a psychiatric consultant in the respondent's medical bureau and by an independent medical arbitrator and was repeatedly found unfit to resume his teaching duties. The petitioner was placed on a continuing leave of absence without pay. In December 1985 after receiving the petitioner's request for an in-person fitness re-evaluation, the respondent informed the petitioner that his consulting psychologist would be required to submit a status report on his condition as a condition precedent to re-evaluation. Notwithstanding the favorable prognosis of the petitioner's consultant, the respondent, upon reviewing petitioner's medical records, did not find an in-person fitness re-evaluation warranted at that juncture. Subsequent examinations of the petitioner by the respondent's medical bureau resulted in determinations that the petitioner remained unfit for duty. The petitioner challenges the respondent's determinations that he is unfit as arbitrary and capricious, irrational and unsupported by the evidence. He specifically charges that his due process rights were violated by the respondent's requirement that he submit proof of ongoing analysis or a report from a private analyst as a condition precedent to future re-evaluations, and by the respondent's failure to personally serve him with a copy of the medical bureau's report which formed the basis of the determination dated October 8, 1987.

While the exhaustion of administrative remedies is not required where an agency's action is challenged as unconstitutional, the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the required relief *(see,*

*Matter of Dozier v New York City,* 130 AD2d 128, 134-135; *Matter of Pfaff v Columbia-Greene Community Coll.,* 99 AD2d 887). Where a constitutional claim hinges upon factual issues reviewable at the administrative level, that claim must first be addressed to the agency so that a necessary factual record can be established *(see, Matter of Perrotta v City of New York,* 107 AD2d 320, 324, *affd* 66 NY2d 859; *Matter of Fichera v City of New York,* 145 AD2d 482, 483).

The petitioner's claim that it is medically unreasonable to assume that the psychological problem which rendered him unfit to teach will continue to exist without treatment is precisely the type of claim on which the expertise of a medical arbitrator, brought to bear on a proper record, would be particularly valuable. Under the circumstances, the failure to pursue established administrative remedies cannot be excused and the proceeding was properly dismissed for failure to exhaust administrative remedies.

We note, moreover, that the medical report, upon which the respondent's adverse determination was based, was sent to petitioner's therapist. The petitioner's due process claim is thus without merit. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.