■ JEFFREY GRINSTEIN, Appellant, v OFFICIAL LAURA BRANIGAN FAN CLUB et al., Respondents.—Order and judgment, Supreme Court, New York County (Eugene L. Nardelli, J.), entered December 21, 1989 and January 24, 1990, respectively, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs. Appeal from an order of the same court, entered July 23, 1990, which denied plaintiff's motion for reargument, dismissed as nonappealable, without costs.

Plaintiff claims, *inter alia,* that he and defendants entered into an oral co-partnership agreement for the purpose of forming a fan club for the benefit of entertainer Laura Branigan and that in violation of the agreement, defendants utilized his creative ideas without compensating him. The Supreme Court granted defendants' motion to dismiss plaintiff's original complaint and denied plaintiff's cross motion for leave to serve an amended complaint on the ground that neither the original complaint nor the proposed amended complaint set forth a legally cognizable claim.

Plaintiff did not appeal from this order. Instead he served a new complaint adding purported new causes of action and additional defendants. Defendants' motion to dismiss the complaint was granted by the Supreme Court which also denied plaintiff's motion for reargument.

As noted by the Supreme Court, plaintiff's "new" complaint merely consists of rearranged paragraphs from his prior pleadings and the addition of peripheral parties. The Supreme Court, having denied plaintiff's cross motion to replead *(see, Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512; *Taylor v Taylor,* 84 AD2d 947), properly dismissed the "new"

complaint pursuant to CPLR 3211 (e) since plaintiff failed to demonstrate "good ground" to support his causes of action. CPLR 3211 (e) provides, in pertinent part, that "Where a motion is made on the ground set forth in paragraph seven of subdivision (a) * * * if the opposing party desires leave to plead again in the event the motion is granted, he shall so state in his opposing papers and may set forth evidence that could properly be considered on a motion for summary judgment in support of a new pleading; leave to plead again shall not be granted unless the court is satisfied that the opposing party has good ground to support his cause of action".

Where a complaint served by plaintiff in a second suit is " 'virtually identical' " to the one dismissed for insufficiency, "res judicata will be the basis for the second's dismissal" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:67, at 73, citing *Flynn v Sinclair Oil Corp.*, 20 AD2d 636, *affd* 14 NY2d 853). The "new" complaint herein, like the complaint originally dismissed, alleges causes of action sounding in conspiracy, a civil cause of action which is not recognized in New York. The causes of action sounding in intentional interference with contractual relationships again fail to allege a lack of economic or other lawful interest on the part of defendants *(see, Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276). With regard to plaintiff's oral contract claims, he has failed to submit an affidavit from a person having knowledge of the facts. Accordingly, the "new" complaint was properly dismissed. Concur—Rosenberger, J. P., Ellerin, Wallach, Ross and Smith, JJ.