■ In the Matter of LAWRENCE LEVINE, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent dated January 27, 1989, finding that the petitioner is unfit to return to his duties as a teacher, the petitioner appeals (1) from a decision of the Supreme Court, Kings County (Greenstein, J.), dated January 11, 1990, which held the respondent's cross motion to dismiss the proceeding for failure to state a cause of action should be granted, (2) from a judgment of the same court entered April 13, 1990, which dismissed the proceeding, and (3) as limited by his brief, from so much of an order of the same court, entered August 29, 1990, as, upon reargument, adhered to the original determination dismissing the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the appeal from the judgment entered April 13, 1990, is dismissed, as it was superseded by the order entered August 29, 1990, made upon reargument; and it is further,

Ordered that the order entered August 29, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner is a teacher with a convoluted and sporadic employment history with the respondent Board of Education

of the City of New York. He has worked as both a substitute and as a regularly-licensed teacher in his tenure with the respondent. He also resigned, then subsequently sought and was granted reinstatement to his position several times. In 1984, the respondent placed the petitioner on an involuntary continuing leave of absence without pay for mental health reasons. From 1984 through 1988, the petitioner was periodically reexamined by physicians and/or psychiatrists of the respondent's medical bureau to determine whether he was fit to return to service; each time he was informed that he remained unfit for duty. It is the respondent's determination of unfitness dated January 27, 1989, which is challenged by the petitioner here.

Specifically, the petitioner claims violations of his constitutional due process and personal privacy rights, as well as defamation of character. The Supreme Court granted the respondent's cross motion to dismiss the petition, finding, *inter alia,* that the petitioner had failed to state a cause of action. The petitioner claims that he is automatically entitled to an adversarial hearing without first having to exhaust his administrative remedy of medical arbitration, as required by the collective bargaining agreement between the respondent and the petitioner's representative union, because of the constitutional nature of his claim. Although we recognize that an exception to the exhaustion doctrine exists in the law where an agency's action is challenged as unconstitutional, we also recognize that the exception is a qualified one. The mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the requested relief, as medical arbitration could here *(see, Matter of Levine v Board of Educ.,* 173 AD2d 619, 620-621; *Matter of Dozier v New York City,* 130 AD2d 128, 134-135; *Matter of Pfaff v Columbia-Greene Community Coll.,* 99 AD2d 887). Where a constitutional claim hinges upon factual issues reviewable at the administrative level, that claim must first be addressed to the agency so that a necessary factual record can be established *(see, Matter of Levine v Board of Educ., supra,* at 621, citing *Matter of Perrotta v City of New York,* 107 AD2d 320, 324, *affd* 66 NY2d 859; *Matter of Fichera v City of New York,* 145 AD2d 482, 483).

The petitioner further complains that he was denied procedural due process because the respondent did not personally serve him with a copy of the medical bureau's report containing the reasons supporting its determination of his unfitness. The respondent had, however, made the medical bureau's

findings available to the petitioner through his personal physician, pursuant to the collective bargaining agreement, as required. Thus, as in the prior proceeding by this petitioner where he raised a similar claim, we find that there was no violation of his procedural due process rights *(see, Matter of Levine v Board of Educ., supra).*

The petitioner's libel claim is likewise without merit. A proceeding pursuant to CPLR article 78 is designed to compel, prohibit, or review the action of a body, officer, or corporation in the performance of its duties *(see,* CPLR 7803; *Matter of Pecora v Queens County Bar Assn.,* 40 Misc 2d 820). A libel claim is not within the purview of a proceeding pursuant to CPLR article 78 and thus was improperly brought here. In any event, even if a libel claim were viable in the present circumstances, the statements made would be protected by the qualified privilege applicable to an employer evaluating an employee's performance and potential, particularly because the letter in issue was disseminated only to the respondent's internal staff *(see, e.g., Kasachkoff v City of New York,* 107 AD2d 130, 134, *affd* 68 NY2d 654; *Gordon v Allstate Ins. Co.,* 71 AD2d 850; *De Sapio v Kohlmeyer,* 52 AD2d 780).

The petitioner's claim of an unwarranted invasion of his privacy rights must also fail. The disclosure in issue was necessary for the internal functioning of the respondent in the performance of its duties, and was therefore protected *(see,* Public Officers Law § 96 [1] [b]; *see also, Kooi v Chu,* 129 AD2d 393). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.