■ TOWN OF RIVERHEAD, Respondent-Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants-Respondents. [598 NYS2d 14] —In an action, inter alia, to recover damages and for a judgment declaring that the defendants are illegally interfering with the plaintiff's rights to the banks of the Peconic River, (1) the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Segal, J.), dated October 30, 1990, as granted those branches of the defendants' motion which were to dismiss the fourth, sixth, and seventh causes of action in the complaint, and (2) the defendants cross-appeal from so much of the same order as denied those branches of their motion which were to dismiss the remaining causes of action in the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, without costs or disbursements, the motion is granted, the complaint is dismissed, and it is declared that the defendants are not illegally interfering with the plaintiffs' rights to the banks of the Peconic River.

The plaintiff Town of Riverhead (hereinafter the Town) lies along the Peconic River on Long Island. In 1983, the Legislature ordered the New York State Department of Environmental Conservation (hereinafter DEC) to study the Peconic River area and determine if it should be brought under the protection of the Wild, Scenic and Recreational Rivers System Act (hereinafter the Act) *(see,* ECL 15-2701 *et seq.).* The Act was designed to preserve the natural beauty of certain rivers and their immediate environs throughout the State *(see,* ECL 15-2701). In 1985, the Legislature enacted a moratorium on development within one-half mile of the banks of the Peconic River *(see,* ECL 15-2710, as amended by L 1985, ch 435). The Town, and property owned by the Town, lie within the area of the moratorium. In 1987, the Legislature included the Peconic River within the protections of the Act and continued the moratorium on development *(see,* ECL 15-2714 [2] [ff]; [3] [gg], as amended by L 1987, ch 395).

Pursuant to ECL 15-2711, the commissioner of the DEC "shall, within one year after a river has been included in the [Act], establish detailed boundaries of the river area associated with that river". The final boundaries were to extend no more than one-half mile from each bank of the river *(see,* ECL 15-2711). The moratorium on development was lifted in 1988 *(see,* ECL 15-2710, as amended by L 1988, ch 270). In August 1990 when the DEC had failed to establish the boundaries of the river area, the Town commenced this action challenging, *inter alia,* the jurisdiction and the authority of the DEC to regulate the Peconic River area and seeking compensation for a legislative and regulatory "taking" of the property in the affected area. The DEC established the final boundaries on September 18, 1990. The DEC moved to dismiss the complaint, and the court dismissed three of the Town's eight causes of action. We conclude that the complaint should have been dismissed in its entirety, and a declaration made in the defendants' favor.

Although the issues arose in the context of a motion to dismiss the complaint under CPLR 3211 (a) (7), we agree with the defendants that it is appropriate to scrutinize the merits of the Town's claims. In an action for a declaratory judgment, where the relevant facts are not in dispute, the court may, on a motion to dismiss the complaint, consider the sufficiency of

the plaintiff's claims on the merits *(see, Boryszewski v Brydges,* 37 NY2d 361, 365; *see also, Mindel v Gross,* 132 AD2d 535).

Regarding the threshold issue of standing, the Town has standing to assert its claim that the Act violates its home-rule rights *(see, Town of Black Brook v State of New York,* 41 NY2d 486) and to assert its rights as a property owner within the area regulated by the Act *(see, County of Albany v Hooker,* 204 NY 1; *Matter of City of New York v Lawton,* 128 AD2d 202). The Town does not have standing, however, insofar as its claims are based on the property rights of its citizens in general *(see generally, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6).

The first four causes of action in the complaint concern the DEC's jurisdiction to establish the final boundaries of the protected area around the Peconic River and to promulgate regulations concerning its protection. Pursuant to ECL 15-2709 (1), the jurisdiction of the DEC to regulate any river area under the Act vests upon "establishment of the boundaries of each river area in accordance with [ECL 15-2711]." The first cause of action sought a declaration that the DEC did not have jurisdiction to regulate the river area because the moratorium had been lifted and the DEC failed to establish the final boundaries within the one-year time period in ECL 15-2711. The second cause of action is in the nature of prohibition and asserts that the one-year time limit of ECL 15-2711 was mandatory, not directory, and therefore the DEC's failure to establish the boundaries within the statutory time frame operated to divest it of jurisdiction to regulate the river area. The third cause of action asserted that even if the time limit was directory, the substantial prejudice which inured to the Town from the delay was sufficient to divest the DEC of jurisdiction. The fourth cause of action sought mandamus to compel the DEC to establish the final boundaries of the protected area.

We find that the first and second causes of action are without merit, as the failure of the DEC to establish the final boundaries within the statutory time limit did not divest it of jurisdiction to regulate the Peconic River area. A review of the legislative scheme of the Act reveals that the time limit found in ECL 15-2711 was not of the "essence and substance" of the act to be performed and was merely directory (McKinney's Cons Laws of NY, Book 1, Statutes, §§ 171, 172; *Matter of King v Carey,* 57 NY2d 505; *Matter of Seaboard Contr. & Material v Department of Envtl. Conservation,* 132 AD2d 105).

The third cause of action is also without merit, since the Town failed to show that it could establish substantial prejudice to its proprietary interests as a result of DEC's delay in establishing the boundaries *(see, e.g., Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816; *Art Leather Mfg. Co. v State Div. of Human Rights,* 144 AD2d 406; *Matter of Ambrosio v State Div. of Human Rights,* 144 AD2d 662). Since the boundaries were established by the DEC in September 1990 the fourth cause of action was properly dismissed as academic.

In the fifth cause of action, the Town asserted that the amendment to the Act which added the Peconic River violated its home rule rights, specifically, the Statute of Local Governments § 20 (3). Although the amendment to the Act, which included the Peconic River, affected the Town's property, the purpose of the Act is to protect selected rivers "for the benefit and enjoyment of present and future generations" (ECL 15-2701 [3]), a matter of State concern. Therefore, its enactment did not violate the Town's home rule rights *(see, Wambat Realty Corp. v State of New York,* 41 NY2d 490; *see also, Matter of Town of Islip v Cuomo,* 64 NY2d 50).

The sixth and seventh causes of action assert that the DEC's regulations concerning the Peconic River area and the moratorium on development in the area amounted to a regulatory and legislative "taking" of its property. The claim of a "taking" should be dismissed, as there was no attempt to show that the Town had been denied the economically viable use of its property or that the Act and the DEC's regulations do not substantially advance legitimate State interests *(see, Seawall Assocs. v City of New York,* 74 NY2d 92, 107, *cert denied sub nom. Wilkerson v Seawall Assocs.,* 493 US 976). Furthermore, the Town has failed to show that it exhausted the available administrative remedies under the Act *(see, Matter of Wedinger v Goldberger,* 71 NY2d 428, *cert denied* 488 US 850; *Hawes v State of New York,* 161 AD2d 745).

Finally, the eighth cause of action is without merit, as there is no merit to the contention that the Legislature impermissibly delegated its legislative authority to the DEC *(see, e.g., Matter of Consolidated Edison Co. v Department of Envtl. Conservation,* 71 NY2d 186). Balletta, J. P., Eiber, O'Brien and Copertino, JJ., concur.