■ In the Matter of DONA RISSINGER, Appellant, v STATE UNIVERSITY OF NEW YORK AT NEW PALTZ, Respondent. [605 NYS2d 437] —White, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered July 8, 1992 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner was employed by respondent in the classified position of cleaner. When she became pregnant in September 1991, respondent's Director of Human Resources, after reviewing letters from petitioner's physician and discussions with her supervisor, determined that petitioner could not perform the essential requirements of her job. As a consequence petitioner was advised that in accordance with the terms of the collective bargaining agreement between respondent and the Civil Service Employee's Association, Inc., she would be placed on leave without pay from September 20, 1991 to October 14, 1991. She was further advised that, from October 14, 1991 to December 29, 1991, she would be on sick leave at half pay and finally, from December 30, 1991 through May 18, 1992, she would be on sick leave without pay.

Claiming that respondent violated Civil Service Law § 72 and Executive Law § 296, petitioner commenced this CPLR article 78 proceeding seeking a judgment reinstating her to her position and compensating her for lost wages and benefits. Respondent moved to dismiss the petition on the ground that, by neglecting to invoke the grievance/arbitration procedures in the collective bargaining agreement, petitioner failed to exhaust her administrative remedies. Supreme Court agreed and dismissed the petition.

Prefatorily, this appeal is limited to petitioner's Civil Service Law claim since respondent concedes that Supreme Court should not have dismissed petitioner's claim under Executive Law § 296.

The general rule is that a party who objects to an act of an administrative agency must exhaust available administrative remedies before seeking relief in the judicial forum (see, *Matter of Cady v Clark,* 176 AD2d 1055). Here, the grievance/arbitration provisions apply to disputes "concerning the interpretation, application or claimed violation of a specific term or provision" of the collective bargaining agreement. Inasmuch as the agreement contains provisions relating to sick leave, this broad language encompasses petitioner's claim that she was improperly placed on sick leave. Thus, we find that she was obligated to pursue the grievance procedures set forth in the collective bargaining agreement. She cannot excuse her failure to do so by raising the constitutional argument of unlawful discrimination because this claim hinges on factual issues that must first be addressed at the administrative level so that a necessary factual record can be established (see, *Matter of Levine v Board of Educ.,* 173 AD2d 619).

Accordingly, we conclude that Supreme Court did not err in dismissing petitioner's Civil Service Law claim for failure to exhaust administrative remedies (see, *Matter of Plummer v Klepak,* 48 NY2d 486, *cert denied* 445 US 952; *Matter of Mottironi v Axelrod,* 133 AD2d 948, *lv denied* 70 NY2d 615).

Weiss, P. J., Mercure and Crew III, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion to dismiss petitioner's claim under Executive Law § 296; motion denied to that extent; and, as so modified, affirmed.