■ TIMBER RIDGE HOMES AT BROOKHAVEN, INC., Appellant, v STATE OF NEW YORK, Respondent. [637 NYS2d 179] —In a claim, *inter alia,* to recover damages for a regulatory taking, the claimant appeals (1) from an order of the Court of Claims (Silverman, J.), dated June 29, 1994, which granted the defendant's motion to dismiss the claim and (2) as limited by its brief, from so much of an order of the same court dated October 5, 1994, as, in effect, upon granting the claimant's motion for reargument, adhered to the original determination.

Ordered that the appeal from the order dated June 29, 1994, is dismissed since that order was superseded by the order dated October 5, 1994, made upon reargument; and it is further,

Ordered that the order dated October 5, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

In July 1988, the New York State Legislature amended ECL 15-2710 to impose a moratorium on development along Beaverdam Creek, which is located in the Town of Brookhaven, in order to study the creek for its possible inclusion in the State's Wild, Scenic and Recreational Rivers System *(see,* ECL, art 15, tit 27). At that time, the appellant was the owner of a 40-acre parcel located near Beaverdam Creek. The appellant commenced an action in the Supreme Court, Suffolk County, *inter alia,* for declaratory and injunctive relief, arguing, among other things, that the Legislature's action had been a regulatory taking of property without just compensation. In June of 1993, the Legislature repealed the moratorium, and the appellant filed a claim in the Court of Claims to recover damages that it allegedly accrued as a result of the moratorium. Also, the appellant successfully moved in the Supreme Court to transfer the action to the Court of Claims. The Court of Claims then granted the defendant's motion to dismiss the claim on the ground, *inter alia,* that the appellant had failed to prove that it had applied for a permit exempting it from the moratorium before filing its claim.

On appeal, the appellant argues, *inter alia,* that the moratorium was a regulatory taking of its property without due process or just compensation in violation of the Federal

and State Constitutions. However, the appellant failed to apply to the New York State Department of Environmental Conservation (hereinafter DEC) for a permit exempting it from the moratorium (see, ECL 15-2710 [2]), and the DEC never rendered a determination on the matter. When, as here, the claim hinges upon factual issues that are reviewable at the administrative level, the establishment of an administrative record is a necessary prerequisite to a constitutional claim that is based on a regulatory taking (see, Matter of Schulz v State of New York, 86 NY2d 225, 232, cert denied — US —, 116 S Ct 382; Town of Riverhead v New York State Dept. of Envtl. Conservation, 193 AD2d 667; Matter of Levine v Board of Educ., 186 AD2d 743, 744; Breezy Point Coop. v City of New York, 176 AD2d 909, 911; Hawes v State of New York, 161 AD2d 745; Dune Rd. Assn. v Jorling, 158 AD2d 448; Matter of Fichera v City of New York, 145 AD2d 482, 484). By first resorting to the courts instead of exhausting its available administrative remedies, the appellant acted prematurely and is not entitled to any relief (see, Matter of Wedinger v Goldberger, 71 NY2d 428, 439, cert denied 488 US 850; Matter of Dun-Rite Towing v Village of Tarrytown, 215 AD2d 654; Town of Riverhead v New York State Dept. of Envtl. Conservation, supra, at 670; Town of Islip v Zalak, 165 AD2d 83, 95; Hawes v State of New York, supra, at 746). Moreover, although "the exhaustion of administrative remedies is not required where an agency's action is challenged as unconstitutional * * * the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the required relief" (Matter of Dozier v New York City, 130 AD2d 128, 134-135).

In any event, the appellant has not established that there has been a regulatory taking without due process or just compensation. Since the DEC has not denied the appellant a permit, the appellant cannot show, inter alia, that it has been denied an economically viable use of its land (see, United States v Riverside Bayview Homes, 474 US 121, 126-127; Matter of Wedinger v Goldberger, supra; Matter of Kransteuber v Scheyer, 80 NY2d 783, 786; de St. Aubin v Flacke, 68 NY2d 66, 77; Spears v Berle, 48 NY2d 254, 263; Matter of Licari v Scheyer, 193 AD2d 604, 605-606; Hawes v State of New York, supra, at 746).

We have considered the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.