■ LEONARD KROPP, Respondent, v INCORPORATED VILLAGE OF FREEPORT, Appellant. [715 NYS2d 667] —In an action, *inter alia*, to recover damages for breach of a collective bargaining agreement, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), entered November 19, 1999, as denied that branch of its motion which was for summary judgment dismissing the plaintiff's causes of action sounding in breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to dismiss the plaintiff's causes of action sounding in breach of contract is granted, and the complaint is dismissed in its entirety.

The Supreme Court erred in failing to dismiss the causes of action sounding in breach of contract. The plaintiff failed to

exhaust his administrative remedies since he did not first seek review by the Nassau County Civil Service Commission (*see, Matter of Plummer v Klepak,* 48 NY2d 486, *cert denied* 445 US 952; *Matter of Ray v New York City Dept. of Correction,* 212 AD2d 387). Pursuant to section 28 of the parties' collective bargaining agreement, the plaintiff's claims should have been addressed first at the administrative level (*see, Matter of Levine v Board of Educ.,* 173 AD2d 619; *Matter of Rissinger v State Univ. of N. Y.,* 199 AD2d 745). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.