■ In the Matter of LINDA A. TASADFOY, Appellant, v TOWN OF WAPPINGER et al., Respondents. [802 NYS2d 219]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Wappinger, dated September 16, 2003, which, after a hearing, terminated the petitioner's employment as the Town Assessor of the Town of Wappinger, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Pagones, J.), dated April 8, 2004, which granted the respondents' motion to dismiss the proceeding.

Ordered that the order and judgment is affirmed, with costs.

After a hearing, the Town Board of the Town of Wappinger terminated the petitioner's employment as the Town Assessor of the Town of Wappinger based on findings of misconduct and incompetence. Without first seeking review of the determination by the State Board of Real Property Services (hereinafter the State Board), the petitioner commenced this proceeding seeking review of the determination, reinstatement as the Town Assessor, and back pay and benefits. The Supreme Court granted the respondents' motion to dismiss the proceeding on the ground that, by not first obtaining review by the State Board (*see* Real Property Tax Law § 324), the petitioner failed to exhaust her administrative remedies.

On appeal, the petitioner contends that, since she challenged the determination on constitutional due process grounds, she was not required to exhaust the statutory administrative review process before seeking judicial relief under CPLR article 78. We disagree.

Pursuant to Real Property Tax Law § 324, the determination was first reviewable by the State Board, and, only thereafter, by the Supreme Court in a CPLR article 78 proceeding. "A constitutional claim that hinges upon factual issues reviewable at the administrative level must first be addressed to the agency so that a necessary factual record can be established . . . . Further, the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative remedies that can provide the required relief" (*Matter of Dozier v New York City*, 130 AD2d 128, 135 [1987]; *see Matter of Schulz v State of New York*, 86 NY2d 225, 232 [1995], *cert denied* 516 US 944 [1995]; *Timber Ridge Homes at Brookhaven v State of New York*, 223 AD2d 635, 636 [1996]; *Matter of Levine v Board of Educ. of City of N.Y.*, 186 AD2d 743, 744 [1992]). In this regard, we note that, had the petitioner first obtained review by

the State Board instead of prematurely commencing this proceeding, a factual record relating to her allegations of due process violations could have been developed. Accordingly, we agree with the Supreme Court's determination that the petitioner failed to exhaust her administrative remedies. Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur.