08-0840-cv
*Sheffield v. Sheriff of Rockland County Sheriff Department et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand and ten.

PRESENT:

    PIERRE N. LEVAL,
    PETER W. HALL,
    DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

_____

MALINDA SHEFFIELD,

                *Plaintiff-Appellant*,

      v.                                    08-0840-cv

SHERIFF OF THE ROCKLAND COUNTY SHERIFF DEPARTMENT, COUNTY OF ROCKLAND, CHIEF WILLIAM CLARK, CAPTAIN JOSEPH CONJURA, CAPTAIN JOHN LISKA, SERGEANT J. GENTILLO,

                *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:    WYSTAN M. ACKERMAN, Elizabeth Slater Massey, Robinson & Cole LLP, Hartford, Connecticut.

FOR DEFENDANTS-APPELLEES: ROBERT B. WEISSMAN, Saretsky Katz Dranoff & Glass LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*; Fox, *M.J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant Malinda Sheffield appeals from a January 9, 2008 order of the United States District Court for the Southern District of New York (Karas, *J.*) adopting the October 2, 2007 report and recommendation of Magistrate Judge Mark D. Fox, which recommended that the motion to dismiss Sheffield's amended complaint filed by Defendants-Appellees Sheriff of the Rockland County Sheriff Department ("RCSD"), County of Rockland ("County"), Chief William Clark, Captain Joseph Conjura, Captain John Liska, and Sergeant J. Gentillo (jointly "appellees") be granted on collateral estoppel grounds. We assume the parties' familiarity with the underlying facts, procedural history, and the issues presented on appeal.

1.  Background and Applicable Law

In brief, Sheffield's employment at RCSD was terminated in March 2006 following the institution of disciplinary proceedings against her for filing a false workers' compensation claim; the proceedings were taken to arbitration, and the arbitrator recommended the termination. Following this, Sheffield filed an action *pro se* in New York State Supreme Court against the Sheriff of RCSD and the County alleging that the disciplinary proceedings were retaliatory and asserting libel and Title VII claims. The Title VII claim involved the allegation that defendants brought disciplinary proceedings against Sheffield because of her race and that defendants practiced "minority discrimination in practice towards recruiting, hiring, advancement, discipline, termination and hostile work environment" in "an obvious pattern of discrimination." In response to defendants' motion

to dismiss, Sheffield sought to discontinue the action, stating that the "superior forum" of federal district court would "properly address [her] federal employment discrimination complaint in jurisdiction, damages and greater award." *See* N.Y. C.P.L.R. § 3217(b) (relating to voluntary discontinuance by leave of court). In March 2007, the state court dismissed Sheffield's suit in its entirety. *See Sheffield v. Sheriff of the Rockland County Sheriff Dep't*, No. 4211/06 (N.Y. Sup. Ct. Mar. 30, 2007). Sheffield did not appeal this dismissal.

Before the state court rendered its decision, Sheffield, again *pro se*, filed the present action in the United States District Court for the Southern District of New York. The amended complaint asserts that the disciplinary charges brought against Sheffield were "false, baseless and erroneous"; that the arbitrator exceeded his authority; that appellees' conduct was "in retaliation against" Sheffield and "discriminatory with respect to [Sheffield's] race and color"; and that appellees were acting similarly with respect to other "African American Correctional Officers still employed with [RCSD]." Attached to the complaint was Sheffield's correspondence with the Equal Employment Opportunity Commission ("EEOC"), in which Sheffield made various allegations of discrimination against the appellees. On October 2, 2007, Magistrate Judge Fox recommended granting appellees' motion to dismiss on the basis of collateral estoppel, and on January 9, 2008 Judge Karas adopted this recommendation.

On appeal, Sheffield contends that the district court erred in granting Appellees' motion to dismiss based on collateral estoppel, and that neither res judicata nor collateral estoppel bar her federal action.[1] We review *de novo* a district court's application of the principles of claim and issue

---

[1] Sheffield challenges only the dismissal of her Title VII claims. Any challenge to the dismissal of any other claim has therefore been abandoned. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

3

preclusion.  *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 919 (2d Cir. 2010).  We look to New York law to determine the preclusive effect in federal court of the New York Supreme Court's decision dismissing Sheffield's first action, and we give that decision the same preclusive effect that a New York state court would.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009).  We may affirm on any ground supported by the record.  *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999).

In New York, "res judicata . . . bars successive litigation [of all claims] based upon the same transaction or series of connected transactions . . . if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was."  *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 894 N.E.2d 1, 12 (N.Y. 2008) (internal quotation marks omitted).  New York courts apply a "pragmatic" test to determine whether claims are part of the same transaction for res judicata purposes, examining "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."  *Xiao Yang Chen v. Fisher*, 843 N.E.2d 723, 725 (N.Y. 2005) (quoting Restatement (2d) of Judgments § 24).

Here, there is no question that the same parties are involved in the state and federal actions, and Sheffield does not contend otherwise.[2]  Also not in dispute is the fact that the state court order was a final judgment.  Sheffield raises two arguments why res judicata does not bar her later-filed

_____

[2] Sheffield's amended federal complaint does add individual defendants not named in her state complaint.  Even if Sheffield were to advance an argument that this renders preclusion principles inapplicable, we would nevertheless affirm the dismissal of the claims against the individual defendants because Title VII does not provide for individual liability.  *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (per curiam).

4

federal claims: first, that the "state court proceeding was a limited proceeding to review the termination of [her] employment (under either Article 75 or Article 78 of the New York [CPLR])" in which Sheffield could not have recovered compensatory damages on her Title VII claims, Sheffield Br. 13; and second, that Sheffield raised claims in the later federal action that were not transactionally related to the claims she raised in state court. We reject each argument.

2. The Nature of the State Court Proceeding

Res judicata does not bar claims in a subsequent lawsuit where, in the first action, the "plaintiff [was] statutorily or jurisdictionally precluded from obtaining complete relief" on those particular claims. *La Duke v. Lyons*, 673 N.Y.S.2d 240, 242 (3d Dep't 1998). Sheffield argues here that the state court proceeding was at most a "hybrid" Article 75/Article 78 proceeding in which she could not have obtained complete relief on her Title VII claim. For the following reasons, we disagree.

Article 78 proceedings are "used to challenge action (or inaction) by agencies and officers of state and local government." Vincent C. Alexander, McKinney's C.P.L.R. Practice Commentaries § 7801:1 (2008); *see also Levine v. Bd. of Educ.*, 589 N.Y.S.2d 181, 183 (2d Dep't 1992). Any damages awarded in Article 78 proceedings "must be incidental to the primary relief sought by petitioner" and must be "such as [the petitioner could have recovered in a separate action] against the same body or officer in its or his official capacity." N.Y. C.P.L.R. § 7806. Here, the damages Sheffield sought for Appellees' alleged violation of Title VII were not incidental to the relief she could have received in a pure Article 78 proceeding, and it was on this basis that Judge Fox determined res judicata to be inapplicable to bar Sheffield's later lawsuit. *Cf. Colon v. Coughlin*, 58 F.3d 865, 870 n.3 (2d Cir. 1995) ("[C]laim preclusion generally does not operate to bar a § 1983

5

suit following the resolution of an Article 78 proceeding, since the full measure of relief available in the former action is not available in the latter."). Similarly, an arbitrator's decision may be challenged under N.Y. C.P.L.R. § 7511 in a so-called "Article 75" proceeding. *See Dye v. N.Y. City Transit Auth.*, 442 N.E.2d 1271, 1271 (1982) ("challenge to the arbitrator's award on the merits" is "not available" under Article 78, and must be made pursuant to C.P.L.R. § 7511). Article 75 proceedings are also narrowly circumscribed and a state court conducting one does not have the power to afford relief based upon a plenary Title VII claim seeking damages for racial discrimination. *See Bottini v. Sadore Mgmt. Corp.*, 764 F.2d 116, 121 (2d Cir. 1985). Thus, Sheffield concludes that, because the state court could not afford her the relief she sought whether conducting an Article 75 or Article 78 proceeding, res judicata cannot bar subsequent federal Title VII claims.

We reject Sheffield's argument because, upon an examination of Sheffield's state court petition and the manner in which the state court adjudicated it, it is evident that Sheffield brought a "hybrid" action encompassing an Article 75 petition, an Article 78 petition, *and* a plenary action for damages alleging violations of Title VII and defamation, and that the state court adjudicated it as such. *See Ponterio v. Kaye*, No. 06 Civ. 6289 HB, 2007 WL 141053, at *7 (S.D.N.Y. Jan. 22, 2007); *Umhey v. County of Orange*, 957 F. Supp. 525, 527-28 (S.D.N.Y. 1997); *Phillips v. City of New York*, 884 N.Y.S.2d 369, 371 n.2 (1st Dep't 2009); *Kapell v. Inc. Vill. of Greenport*, 881 N.Y.S.2d 469, 470 (2d Dep't 2009).

Sheffield's state petition, filed on May 16, 2006, sought three forms of relief: (1) review of the arbitration proceeding "pursuant to CPLR 7510"; (2) "full reinstatement of employment" and "[b]ack pay with interest"; *and* (3) $75,000 in compensatory and punitive damages for "severe pain

and suffering, mental anguish, adverse employment impact, loss of wages, harassment resulting in extreme emotional distress and anguish, [and] compensation for hardship and humiliati[on] before her peers." This third form of relief was sought in connection with Sheffield's Title VII and defamation claims. Moreover, Sheffield herself acknowledged bringing a Title VII claim in state court when she moved to voluntarily discontinue her action there so that this claim might be pursued in federal court. In resolving Sheffield's state court action, the state court: (1) upheld the arbitrator's decision on Article 75 review; (2) noted that Sheffield commenced the action as an Article 78 proceeding and dismissed the petition without affording her the employment-related relief she sought; *and* (3) dismissed Sheffield's claim for damages for defamation and racial discrimination.[3] The court dismissed Sheffield's entire petition pursuant to C.P.L.R §§ 3211(a)(1), (5), and (7).[4] While the state court did not specifically mention Sheffield's broader Title VII claims, which

_____

[3] Sheffield contends that the state court committed legal errors in so doing. Whether it did or not, "[t]he policy against relitigation of adjudicated disputes is strong enough generally to bar a second action even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts." *Reilly v. Reid*, 379 N.E.2d 172, 175 (1978). As the district court explained in its opinion, the proper course was to appeal the state court's decision rather than to seek to restart the case in federal court.

[4] N.Y. C.P.L.R. § 3211(a) provides, in pertinent part:

> A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:
> 1. a defense is founded upon documentary evidence; or
> . . .
> 5. the cause of action may not be maintained because of arbitration and award, collateral estoppel, discharge in bankruptcy, infancy or other disability of the moving party, payment, release, res judicata, statute of limitations, or statute of frauds; or
> . . .
> 7. the pleading fails to state a cause of action . . . .

involved work-related allegations of discrimination apart from the specific events surrounding Sheffield's termination, Sheffield clearly presented those claims to the court and the court's dismissal of the entire petition necessarily involved the dismissal of these Title VII claims as well. *See Winters v. Lavine*, 574 F.2d 46, 61 (2d Cir. 1978) ("[I]t is entirely possible for a court to consider and reject a particular claim presented to it without any express discussion of or allusion to that claim.").

It is therefore clear to us that Sheffield commenced a hybrid action and that the state court treated it as such. Sheffield's petition clearly sought money damages for defamation and violations of Title VII in a plenary action. Because Sheffield clearly presented these claims, which were inappropriate for Article 75 or 78 review, and the state court adjudicated those claims, the state court also treated the case as a hybrid Article 75/Article 78/plenary action, and we must view it as such for preclusion purposes. The state court was therefore a court of competent jurisdiction that had the authority to award the Title VII relief Sheffield sought. *See Applied Card Sys.*, 894 N.E.2d at 12.

### 3. Transactionally Related Claims

We further conclude that all the claims Sheffield raised in her federal suit were "based upon the same transaction or series of connected transactions" presented in the state court proceeding. *Id.* Sheffield's state petition made claims "under Title VII" and alleged discrimination in RCSD's employment practices, unequal treatment of minorities, and a hostile work environment at RCSD — precisely the same broad allegations made in the federal complaint. That the EEOC letters attached to Sheffield's federal complaint contained "more specific allegations of conduct" by appellees, Sheffield Br. 33, does not change the fact that the two complaints assert claims that are part of the same "series of connected transactions" under New York law that Sheffield originally

sought to litigate in the state court proceedings. *See Xiao Yang Chen*, 843 N.E.2d at 725. Thus all claims asserted in the federal action are barred by res judicata.

4. Conclusion

We have reviewed Sheffield's remaining arguments and conclude that they are moot or without merit. For the foregoing reasons, we affirm the district court's dismissal of Sheffield's complaint on the ground of res judicata. We need not, therefore, address whether collateral estoppel would also bar Sheffield's federal claims. The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9