5055 N. Blvd. LLC v. Inc. Vill. of Old Brookville

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

**5055 NORTHERN BOULEVARD LLC,**

> *Plaintiff-Appellant*,

> v.                                                                20-2938

**THE INCORPORATED VILLAGE OF OLD BROOKVILLE, BERNARD D. RYBA, in his capacity as the Mayor of the Village of Old Brookville, JOHN CHASE, in his capacity as the Attorney for the Village of Old Brookville, THE BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF OLD BROOKVILLE, PETER ALBINSKI, in his capacity as Building Inspector for the Incorporated Village of Old Brookville,**

> *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**                    Andrew Lavoott Bluestone, New York, NY.

**FOR DEFENDANTS-APPELLEES:**              Paul F. Millus (A. Thomas Levin, Daniel B. Rinaldi, *on the brief*), Meyer, Suozzi, English & Klein, P.C., Garden City, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

5055 Northern Boulevard LLC ("Plaintiff") sued the Incorporated Village of Old Brookville, its Board of Trustees, and several municipal officials (collectively, "Defendants") in New York state court, alleging that Defendants violated the Fourth, Fifth, and Fourteenth Amendments by denying Plaintiff a building permit. After Defendants removed the action to the Eastern District of New York, the district court dismissed Plaintiff's complaint as barred by res judicata, holding that Plaintiff's claims were or could have been raised in a prior New York state-court proceeding that was litigated to a final conclusion. Plaintiff now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). "In New York, res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 894 N.E.2d 1, 12 (N.Y. 2008) (cleaned up).

On appeal, Plaintiff disputes only one aspect of the district court's res judicata analysis, arguing that the first state-court action did not result in a "judgment on the merits." We disagree.

The prior action was a "hybrid" Article 78 proceeding in which Plaintiff brought an Article 78 claim along with plenary causes of action, all arising out of the building permit denial. *See Newton v. Town of Middletown*, 820 N.Y.S.2d 154, 156 n.2 (App. Div. 2006) (noting that a "hybrid proceeding is appropriate" where "the same subject matter . . . underlies all of [the plaintiff's] contentions"). The state-court order disposing of that proceeding granted partial relief as to Plaintiff's Article 78 claim. It then concluded that "[a]ny portion of [Plaintiff's] hybrid petition/complaint not granted is denied" and reiterated that "[a]ny relief not expressly granted herein i[s] denied." App'x at 56.

Plaintiff asserts that this disposition was not a judgment on the merits as to its non-Article 78 claims, but as the district court noted, "Plaintiff's Hybrid Article 78 Action was decided in an order that expressly granted or denied all requested forms of relief." App'x at 200. Although the state court could have said more explicitly that its decision was "on the merits" or "with prejudice," New York law "does not require that the prior judgment contain the precise words 'on the merits' in order to be given *res judicata* effect." *Strange v. Montefiore Hosp. & Med. Ctr.*, 450 N.E.2d 235, 236 (N.Y. 1983). Instead, "it suffices that it appears from the judgment that the dismissal was on the merits." *Id.* We conclude that the state-court order—which specifically identified and then rejected the non-Article 78 claims raised in Plaintiff's complaint—satisfied this requirement. *See Winters v. Lavine*, 574 F.2d 46, 61 (2d Cir. 1978) ("[I]t is entirely possible for a court to consider and reject a particular claim presented to it without any express discussion of or allusion to that claim."); *cf. Sheffield v. Sheriff of Rockland Cnty. Sheriff Dep't*, 393 F. App'x 808, 813 (2d Cir. 2010) (holding that dismissal without discussion of Title VII claims in hybrid Article

3

78 proceeding precluded subsequent litigation of those claims).

Plaintiff also appears to argue that the state court violated New York procedural rules by "denying" the non-Article 78 claims in the prior proceeding, and that the resulting judgment thus could not have been "on the merits." But the proper course for a party that believes a court committed legal error is to take a direct appeal of the court's decision—as Plaintiff initially did before voluntarily dismissing its appeal.[1]

In any event, "[w]here a complaint served by plaintiff in a second suit is virtually identical to the one dismissed for insufficiency, *res judicata* will be the basis for the second's dismissal." *Grinstein v. Off. Laura Branigan Fan Club*, 571 N.Y.S.2d 725, 726 (App. Div. 1991) (internal quotation marks omitted). Here, as the district court noted, the complaint in the second action "is almost identical to the Hybrid Article 78 Action complaint." App'x at 198. Res judicata prevents Plaintiff from bringing a new suit raising essentially the same claims that were decided in the prior state-court proceeding.

We have considered Plaintiff's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **GRANT** Defendants' motion for judicial notice and **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Defendants ask this Court to take judicial notice of Plaintiff's stipulation withdrawing its state-court appeal and the Appellate Division's order deeming Plaintiff's appeal withdrawn. We grant the motion. *See* Fed. R. Evid. 201; *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (observing that "courts routinely take judicial notice of documents filed in other courts").