Vincent D. Damiani, J.
This is a proceeding brought pursuant to article 78 of the Civil Practice Law and Rules by a member of the Queens County Bar Association against the association and Honorable George W. Herz for an order restraining the Bar Association (1) from allocating to its Committee on Judiciary any money to carry out the “ Queens Plan ” for the selection of Judges, or (2) from indorsing any candidate for elective judicial office in Queens County, and (3) from actively campaigning for the election to judicial office of any candidate under the “ Queens Plan,” and to restrain the Honorable George W. Herz from utilizing the indorsement of his candidacy by the Bar Association through the “ Queens Plan.”
Simultaneously with the service of the order to show cause and petition in this proceeding on October 28,1963, petitioner caused a summons and complaint to be served on respondent association in which he seeks to “ permanently enjoin the Bar Association from effectuating and carrying forward the alleged ‘ Queens Plan ’ and further restraining the defendant, Hon. George W. Herz, from taking any * * * steps to utilize the endorsement of his candidacy by the Bar Association through its ‘ Queens Plan.’ ”
*821 This proceeding was commenced on the eve of an election in Queens County, and from the papers submitted in this proceeding and the hearing held thereon it appears that the respondent Bar Association in accordance with its so-called “ Queens Plan ” indorsed the candidacy of respondent Honorable George W. Herz for the office of Justice of the Supreme Court. It also appears that the Bar Association had by a resolution passed by its membership appropriated the sum of $2,500 of the association’s funds (1) for the expenses of conducting a judicial referendum within the Bar Association, (2) for the printing of 100,000 handbills which were distributed to the public commencing on October 26, 1963, and (3) for newspaper advertisements announcing the Bar Association’s indorsement of the Honorable George W. Herz.
Upon the hearing herein held by the court on October 30,1963 it appeared that the association’s funds had been used for the purposes above mentioned and at the conclusion of the argument, counsel for the Bar Association stated that he had in his possession a certified check from a third party in the sum of $2,500 payable to the order of the Bar Association which he was prepared to deposit to the credit of the association. Petitioner thereupon withdrew the proceeding against respondent Honorable George W. Herz and announced his intention to proceed only against the Bar Association. The election of the candidates for Justice of the Supreme Court having been held on November 5, 1963, it is apparent that the only issue remaining for determination in this proceeding is whether respondent Bar Association should be restrained in futuro from invoking the “ Queens Plan ” for the selection of Judges. Because this issue appears to be a matter of first impression in this State and one of considerable importance to the Bench, the Bar and the public, it is the considered judgment of this court that petitioner be relegated to the plenary suit presently pending wherein this most important and novel issue may be more appropriately litigated.
It has been repeatedly held by the courts that a proceeding under article 78 of the Civil Practice Law and Rules [formerly Civ. Prac. Act, art. 78] is inappropriate whenever a petitioner has any other adequate remedy, unless his right to the use of that proceeding is so clear as not to admit of a reasonable doubt or controversy (Matter of Ottinger v. Voorhis, 213 App. Div. 561, affd. 241 N. Y. 49; Matter of Ahern v. Board of Supervisors of County of Suffolk, 7 A D 2d 538). The court is not satisfied that the relief sought is within the orbit of a proceeding under article 78 of the Civil Practice Law and Rules, which is designed to compel action or inaction on the part of a body, officer or corporation in the performance of a duty enjoined upon it by *822 law. It is available only in cases where other remedies fail and the conditions surrounding its use are not found in the ordinary plenary suit (Matter of Wilson v. Board of Educ. of Union Free School, 276 App. Div. 482).
Accordingly, the petition in this proceeding is dismissed without prejudice to a determination of the rights of the parties in the pending plenary action.