■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVILAS, INC., Appellant. [816 NYS2d 136]—

In an action pursuant to RPAPL article 15 to compel the determination of a claim to real property, the defendant appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated June 21, 2005, which denied its motion to dismiss the complaint as time-barred and declined to cancel the notice of pendency filed by the plaintiff.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed, and the notice of pendency filed by the plaintiff is cancelled.

This action involves a parcel of real property in Suffolk County acquired by the defendant under the condition that it continue to be used as a sump for the collection of drain waters. The plaintiff commenced this action to regain title to the property based on a claim of reverter, alleging that the property was no longer being used for drainage purposes.

Contrary to the Supreme Court's determination, the plaintiff must comply with the 10-year statute of limitations period set forth in Real Property Actions and Proceedings Law § 612 (1) for a claim based on reverter. The plaintiff relies on the 20-year limitations period set forth in CPLR 211 (c), which applies generally to actions involving claims to real property. However, the limitations period set forth in the CPLR must yield when a different time is prescribed by another statute (*see* CPLR 201; *see generally* CPLR 101; *Matter of Brusco v Braun,* 84 NY2d 674, 681 [1994]; *Matter of Board of Mgrs. of Park Place Condominium v Town of Ramapo,* 247 AD2d 537 [1998]). Furthermore, a prior general statute must yield to a later more specific statute (*see Matter of Dutchess County Dept. of Social Servs. v Day,* 96 NY2d 149, 153 [2001]; *Matter of Lupoli,* 275 AD2d 44, 50 [2000]). Here, therefore, CPLR 211 (c) must yield to RPAPL 612 (1), which specifically addresses the limitations period for an action based on reverter.

There is no dispute that the plaintiff commenced this action more than 10 years after its claim accrued, and therefore its claims are barred by RPAPL 612 (1). Accordingly, the notice of pendency filed by the plaintiff should be cancelled (*see* CPLR 6501; *Gallagher Removal Serv. v Duchnowski,* 179 AD2d 622 [1992]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.