■ In the Matter of HOME DEPOT U.S.A., INC., et al., Respondents, v TOWN BOARD OF THE TOWN OF SOUTHEAST et al., Appellants. [895 NYS2d 142]—

In a consolidated proceeding pursuant to CPLR article 78, inter alia, to compel the Town Board of the Town of Southeast and the Town of Southeast to review the sewage rates of Independent Sewage Works, Inc., the Town Board of the Town of Southeast and the Town of Southeast appeal, and Independent Sewage Works, Inc., separately appeals, from an order and judg-

ment (one paper) of the Supreme Court, Westchester County (Cohen, J.), entered February 5, 2009, which denied their motion to dismiss the consolidated proceeding, and granted that branch of the petitioners' cross motion which was for summary judgment on so much of the petitions as sought to compel the Town Board of the Town of Southeast and the Town of Southeast to review the sewage rates charged by Independent Sewage Works, Inc., because five years had elapsed since the last review.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof denying that branch of the motion of the Town Board of the Town of Southeast, the Town of Southeast, and Independent Sewage Works, Inc., which was to dismiss so much of the consolidated proceeding as sought to compel the Town Board of the Town of Southeast and the Town of Southeast to consider the issues raised in the petitioners' administrative complaint to those entities, and substituting therefor a provision granting that branch of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements.

On June 23, 2005, the petitioners filed an administrative complaint (hereinafter the complaint) with the Town of Southeast and the Town of Southeast Town Board (hereinafter together the Town) seeking to compel the Town to review and then reduce the rates a sewage-works corporation, Independent Sewage Works, Inc. (hereinafter ISW), was charging them. When the Town failed to take any action on the complaint, the petitioners commenced a CPLR article 78 proceeding to compel the Town to consider the issues raised in their complaint. Further, the petitioners sought to compel the Town, pursuant to Transportation Corporations Law § 121, to review the rates ISW was charging them because the Town was required to do so at "intervals of not more than five years." After the passing of the five-year anniversary from the last time the Town reviewed ISW's rates, the petitioners brought a second CPLR article 78 proceeding seeking the same relief as the first, and the two proceedings were consolidated. The Town and ISW moved to dismiss the consolidated proceeding, and the petitioners cross-moved for summary judgment. The Supreme Court denied the motion and granted the cross motion to the extent of directing the Town to review the sewage rates charged by ISW, ensuring that such rates are, as required by Transportation Corporations Law § 121, fair, reasonable, and adequate.

The Supreme Court should have dismissed so much of the consolidated proceeding as sought to compel the Town to

consider the issues raised in the complaint to the Town. Although characterized as a CPLR article 78 proceeding in the nature of mandamus to compel, that portion of the consolidated proceeding, in essence, sought to have the sewage rates reviewed, which is properly accomplished by way of a CPLR article 78 proceeding in the nature of mandamus to review (*see State of New York v Cortelle Corp.*, 38 NY2d 83, 86 [1975]; *Matter of Guzman v 188-190 HDFC*, 37 AD3d 295, 296 [2007]). The petitioners "cannot avoid the bar of the Statute of Limitations by seeking relief in the nature of mandamus to compel" (*Matter of Thomas v City of Buffalo Inspections Dept.*, 275 AD2d 1004 [2000]). The Town's determination setting the sewage rates ISW could charge the petitioners became "final and binding" on July 18, 2002 (*see* CPLR 217 [1]; *Matter of Yarbough v Franco*, 95 NY2d 342, 346 [2000]). The petitioners did not commence these proceedings, which were subsequently consolidated, within four months of that date, making so much of the consolidated proceeding as sought to compel the Town to consider the issues raised in their complaint to the Town untimely. Moreover, even if correctly characterized as a CPLR article 78 proceeding in the nature of mandamus to compel and therefore timely, the petitioners nevertheless failed to demonstrate that they have a clear legal right under Transportation Corporations Law § 121 to compel the Town to consider the issues raised in their complaint to the Town (*see Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994]; *Matter of Wolff v Town/Village of Harrison*, 30 AD3d 432, 433 [2006]).

However, the Supreme Court properly granted that branch of the petitioners' cross motion which was for summary judgment on so much of the petitions as sought to compel the Town to review the rates charged by ISW because five years had passed since the last time the Town had undertaken such review. Contrary to the contention of the Town and ISW, this portion of the consolidated proceeding is not barred by the statute of limitations. The Town last reviewed the sewage rates ISW charges the petitioners on July 18, 2002, and, under Transportation Corporations Law § 121, "[r]ates shall be reviewable at intervals of not more than five years." Less than four months after July 18, 2007, the date when the Town should have conducted its statutory review, the petitioners brought the second petition, making it timely (*see* CPLR 217 [1]; *EMP of Cadillac, LLC v Assessor of Vil. of Spring Val.*, 15 AD3d 336, 338 [2005]; *Community Bd. No. 3 v State of N.Y., Off. of Mental Retardation & Dev. Disabilities*, 76 AD2d 851, 852 [1980]). Moreover, the petitioners established a clear legal right to compel the Town to review the sewage rates charged by ISW. More than five years

have passed since the last time the Town reviewed the rates ISW charges the petitioners, a fact which the Town does not dispute, and the text of Transportation Corporations Law § 121, by use of the mandatory language "shall" (*Matter of Lanzi v Lanzi*, 298 AD2d 53, 57 [2002]), requires the Town to undertake that review now. Accordingly, the Supreme Court correctly awarded summary judgment to the petitioners compelling the Town to review the sewage rates charged by ISW because five years had elapsed since the last review. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur. **[Prior Case History: 22 Misc 3d 1134(A), 2009 NY Slip Op 50420(U).]**