[924 NYS2d 499]

In the Matter of DANDOMAR COMPANY, LLC, Appellant, v TOWN OF PLEASANT VALLEY TOWN BOARD et al., Respondents.

Second Department, May 31, 2011

**APPEARANCES OF COUNSEL**

*Corbally, Gartland and Rappleyea, LLP*, Poughkeepsie (*Allan B. Rappleyea* of counsel), for appellant.

*Gellert & Klein, P.C.*, Poughkeepsie (*Lillian S. Weigert* of counsel), for respondents.

**OPINION OF THE COURT**

DILLON, J.P.

Petitions seeking the remedy of mandamus and prohibition under CPLR article 78 are subject to a four-month statute of limitations (*see* CPLR 217; *Matter of Holtzman v Goldman*, 71 NY2d 564, 568 [1988]; *Matter of Home Depot U.S.A., Inc. v Town Bd. of the Town of Southeast*, 70 AD3d 824, 825 [2010]). Actions or proceedings involving the abandonment of highways are subject to a one-year statute of limitations (*see* Highway Law § 205 [2]). Here, we address whether a petitioner seeking to annul a municipality's certificate of abandonment for a highway must commence the proceeding within four months, as directed by CPLR 217 (1), or within one year, as directed by Highway Law § 205 (2). Our discussion addresses the distinction between proceedings seeking relief pursuant to CPLR article 78 and actions for declaratory judgments, and the manner in which conflicts between general and specific statutes should be resolved.

This appeal involves the municipal abandonment of a segment of Tyrell Road, located in the Town of Pleasant Valley, Dutchess County. Tyrell Road is 2.65 miles long. A center 1.17-mile segment (hereinafter the center segment) is unpaved and is bordered on each side by a nature preserve owned by Rockefeller University, which also owns fee title underneath the center segment.

In 1986, Rockefeller University requested that the Town abandon the center segment, at which time no action was taken. It renewed the request in 1997, and a public hearing was conducted on April 9, 1997. Discussion at the public hearing focused upon the failure of Tyrell Road to meet State standards and the fact that local residents used Tyrell Road for recreational purposes. The issue was deferred for further research. At some other time during the 1990s, the Town erected yellow "road closed" signs near both ends of the center segment and a "dead end" sign at the south end of the road. Although the Town continued to report to the New York State Department of Transportation that the full 2.65 miles of Tyrell Road was among the Town's highway inventory through at least 1999, the Town's Highway Superintendent maintained that the center segment had not been municipally maintained since 1980.

On April 9, 2008, the Town Board of the Town of Pleasant Valley (hereinafter the Town Board), without any further public hearing, passed a resolution authorizing the execution of a cer-

tificate of abandonment for the center segment. The resolution noted that the center segment had not been traveled or used as a highway for a six-year period, and was deemed abandoned under Highway Law § 205 (1). The resolution, citing 6 NYCRR 617.5 (c) (19), also determined that an abandonment was a Type II action under the State Environmental Quality Review Act (ECL article 8; hereinafter SEQRA) requiring no environmental review. On April 10, 2008, a certificate of abandonment was filed with the Town Clerk, pursuant to the Town Board's resolution.

On April 25, 2008, the petitioner, Dandomar Company, LLC (hereinafter Dandomar), purchased the first of two parcels of property located at one of the paved ends of Tyrell Road. On October 2, 2008, Dandomar purchased a second parcel of property fronting the same paved portion of Tyrell Road. Neither parcel is located at the unpaved center segment. However, with the abandonment of the center segment, Dandomar's two parcels of property may only be accessed from the Taconic State Parkway.

Dandomar commenced this proceeding by filing a notice of petition and petition on April 6, 2009. The petition alleged six causes of action. The first cause of action alleged that, without a further public hearing, there was no support for the Town Board's finding that the center segment had been unused and was abandoned during the preceding six years. The second cause of action alleged that any nonuse of the center segment was occasioned by the Town's placement of "road closed" and "dead end" signs, and the Town should be estopped from making a finding of abandonment based on those actions. The third cause of action alleged that the end points of the abandoned section are unclear. The fourth cause of action alleged that, since commercial vehicles are not permitted to travel on the Taconic State Parkway, they are unable to access the Dandomar properties. The fifth cause of action alleged that the Town failed to notify the New York State Department of Environmental Conservation of the abandonment and its effect upon a nearby state park. The sixth cause of action alleged that the Town failed to comply with SEQRA.

Dandomar's notice of petition sought two principal forms of relief that were "pursuant to article 78 of the Civil Practice Laws and Rules and § 205 (1) of the Highway Law." The first was for an annulment and vacatur of the certificate of abandonment for the center segment. The second was to direct the

Town's Superintendent of Highways to "maintain, keep in repair and free from obstruction the entire 2.65 miles of Tyrell Road."

The Town moved to dismiss Dandomar's petition on the ground that, inter alia, the proceeding had been commenced beyond the four-month statute of limitations of CPLR 217 (1) and, therefore, was time-barred. In opposition, Dandomar argued that the proceeding was timely, as it was commenced within one year as permitted by Highway Law § 205 (2).*

In the judgment appealed from, dated June 25, 2009, the Supreme Court, Dutchess County, held that Dandomar's proceeding was brought pursuant to CPLR article 78 and, therefore, was governed exclusively by the four-month statute of limitations defined in CPLR 217. The Supreme Court further reasoned that, while the one-year statute of limitations under Highway Law § 205 (2) could apply to declaratory judgment actions or other actions outside the purview of CPLR article 78, there was no authority for applying the Highway Law's one-year limitations period to a CPLR article 78 proceeding, as here.

■ On appeal, Dandomar argues that the main thrust of its proceeding is not pursuant to CPLR article 78, and that the Supreme Court should have treated the proceeding as one seeking a declaratory judgment subject to a longer statute of limitations. For reasons set forth below, we convert the first five causes of action asserted pursuant to CPLR article 78 into an action pursuant to Highway Law § 205 for a declaratory judgment (see CPLR 103 [c]; Matter of Jasser v Allstate Ins. Co., 77 AD3d 751, 752 [2010]) and, based on such conversion, we modify.

Highway Law § 205 (1) provides, in pertinent part, that "every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway, and every public right of way that shall not have been used for said period shall be deemed abandoned as a right-of-way" (see Curtis v Town of Galway, 50 AD3d 1370, 1371 [2008]). The statute directs that, upon the abandonment of highways and rights of way, the highway superintendent shall, upon the written consent of a majority of the town board, file a signed writing in the office of the town clerk describing the highway or right-of-

---

* Dandomar's memorandum of law is not included in the record on appeal, but its timeliness defense set forth in a memorandum of law was referenced by the trial court in the judgment appealed from.

way that has been abandoned, and upon such filing, the highway or right-of-way is thereupon discontinued (*see* Highway Law § 205 [1]).

The parties do not contest the plain language of Highway Law § 205 (2) and CPLR 217 (1) relative to statutes of limitations.

Highway Law § 205 (2) provides, in pertinent part, that "[a]ny action or proceeding involving the abandonment or qualified abandonment of a highway made pursuant to this section must, in the case of abandonment, be commenced within one year from the date of filing by the town superintendent" of a certificate of abandonment.

CPLR 217 (1) provides, in pertinent part, that "[u]nless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner."

While the four-month time limitation contained in CPLR 217 (1) is not applicable where the law authorizing the proceeding provides for a shorter time (*see* CPLR 217 [1]; *see generally Sevenson Hotel Assoc. v Stranges*, 262 AD2d 957 [1999] [pursuant to General City Law § 38, a proceeding against a city officer, department, board, or bureau must be brought within 30 days of the filing of the decision]; *Matter of Lebow v Village of Lansing Planning Bd.*, 151 AD2d 865, 866 [1989] [pursuant to Village Law § 7-740, a procedure to review a planning board decision must be commenced within 30 days after it is filed with the planning board]; *Matter of Save the Pine Bush v Planning Bd. of City of Albany*, 83 AD2d 741, 742 [1981] [the 30-day limitations period of General City Law § 38 applies only to planning board determinations]; *Matter of Niegocki v Town of Brookhaven*, 5 AD2d 999 [1958] [pursuant to Town Law § 195 (2), a proceeding to review a town board determination must be commenced within 30 days from the date of the recording of a certified copy of the determination with the clerk of the county]), the statute contains no language subordinating it to any "longer" limitations periods contained in other laws.

Nevertheless, CPLR 201 provides, in pertinent part, that "[a]n action . . . must be commenced within the time specified in this article unless a different time is prescribed by law." The term "action," as used in CPLR 201, includes special proceedings (*see* CPLR 105 [b]; *Matter of Chariot Textiles Corp. [Wannalancit Textile Co.—Kute Kiddies Coats]*, 21 AD2d 762, 763

[1964], *revd on other grounds* 18 NY2d 793 [1966]). Dandomar maintains that the deference shown by the language in CPLR 201 to different limitations periods prescribed by law renders Highway Law § 205 (2), the more specific statute, applicable to and controlling of this proceeding.

The parties and the Supreme Court viewed the determination of the proper statute of limitations, under either CPLR 217 (1) or Highway Law § 205 (2), as dependent upon whether Dandomar's petition sought relief in the nature of a CPLR article 78 proceeding or a declaratory judgment. There are significant differences between CPLR article 78 proceedings and actions seeking declaratory judgments.

A primary difference between CPLR article 78 proceedings and declaratory judgment actions is the presence or absence of a judicially-imposed remedial order. In a declaratory judgment action, the court does not direct a party to do an act or refrain from doing an act. In a declaratory judgment action, the court merely declares the prevailing party's rights with respect to the matter in controversy for the purpose of guiding future conduct, and then, as colloquially described by Professor David Siegel, "let[s] things go at that" (Siegel, NY Prac § 436, at 738 [4th ed]; CPLR 3001). By contrast, in a CPLR article 78 proceeding, the court affirmatively directs a party, if unsuccessful, to perform an act or refrain from doing so (*see Matter of Levine v Board of Educ. of City of N.Y.*, 186 AD2d 743, 745 [1992]; *Matter of Pecora v Queens County Bar Assn.*, 40 Misc 2d 820, 821 [1963]).

A second difference between the two forms of relief is that a declaratory judgment action may be brought against any party whereas, in the context of a challenge to governmental action, a CPLR article 78 proceeding is brought only against the State and governmental subdivisions including their officers, departments, and agencies (*see Town of Fishkill v Royal Dutchess Props.*, 231 AD2d 511 [1996]; *see also Matter of Huntley v Evans*, 77 AD3d 945, 946 [2010]).

A third difference between a CPLR article 78 proceeding and a declaratory judgment action involves whether the court is called upon to determine questions of fact or questions of law. While many CPLR article 78 proceedings are resolvable by the court on the papers as a matter of law, as if determining a motion for summary judgment (*see* CPLR 409 [b]; *Matter of Barreca v DeSantis*, 226 AD2d 1085, 1086 [1996]; *Matter of Major v Cohen*, 126 AD2d 205, 209 [1987]; *Matter of 22 Park Place Coop.*

*v Board of Assessors of County of Nassau*, 102 AD2d 893, 894 [1984]; *Matter of Battaglia v Schuler*, 60 AD2d 759, 759-760 [1977]), CPLR article 78 proceedings may also involve questions of fact requiring trial (*see* CPLR 7804 [h]; *American Assn. of Bioanalysts v New York State Dept. of Health*, 75 AD3d 939, 941 [2010]; *ADC Contr. & Constr. Corp. v New York City Dept. of Design & Constr.*, 25 AD3d 488, 488-489 [2006]; *Matter of Vergata v Superintendent of Bldgs. of Vil. of Westbury*, 108 AD2d 750, 750-751 [1985]; *Matter of Agresti v Buscemi*, 28 AD2d 877 [1967], *appeal after remand* 34 AD2d 983 [1970], *affd* 28 NY2d 984 [1971]; *Matter of Wilder v Straus-Duparquet*, 5 AD2d 1, 3 [1957]). By contrast, a declaratory judgment action generally is limited to the resolution of questions of law and the parties' legal obligations (*see Dun & Bradstreet, Inc. v City of New York*, 276 NY 198, 206 [1937]; *Town of Huntington v County of Suffolk*, 79 AD3d 207 [2010]; *Cooper v Town of Islip*, 56 AD3d 511, 512 [2008]; *GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc.*, 35 AD3d 535 [2006]; *Board of Educ. of Mamaroneck Union Free School Dist. v Attorney General of State of N.Y.*, 25 AD3d 637, 638 [2006]; *Kallenberg Meat Prods. v O'Cleireacain*, 209 AD2d 381, 382 [1994]).

Regardless of how a pleading is styled, courts have a responsibility in the first instance to ascertain the true nature of a case in order to determine whether to apply the four-month statute of limitations governing CPLR article 78 proceedings or a longer statute of limitations that may control declaratory judgment actions (*see Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987]; *Solnick v Whalen*, 49 NY2d 224, 230-231 [1980]; *Matter of Llana v Town of Pittstown*, 234 AD2d 881 [1996]). In making such a determination, where the nature of an action is at issue, it is necessary to "examine the substance of [the] action to identify the relationship out of which the claim arises and the relief sought" (*Matter of Save the Pine Bush v City of Albany*, 70 NY2d at 202 [internal quotation marks omitted]; *see also Press v County of Monroe*, 50 NY2d 695, 705 [1980]; *Solnick v Whalen*, 49 NY2d at 229; *Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 396 [1977]; *Matter of Llana v Town of Pittstown*, 234 AD2d at 881). If the court determines that the parties' dispute can be, or could have been, resolved through a form of action or proceeding for which a specific limitation period is statutorily provided, that limitation period governs (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201 [1994]; *Matter of Save the Pine Bush v*

*City of Albany,* 70 NY2d at 202; *Press v County of Monroe,* 50 NY2d at 705; *Solnick v Whalen,* 49 NY2d at 229; *Matter of Llana v Town of Pittstown,* 234 AD2d at 881).

The Town argues that the true nature of Dandomar's entire petition, including the portion that seeks the annulment of the certificate of abandonment for the center segment of Tyrell Road, is a CPLR article 78 proceeding subject to the four-month statute of limitations of CPLR 217 (1). In contrast, Dandomar argues that the main thrust of its petition is not pursuant to CPLR article 78, but seeks a declaratory judgment annulling the certificate of abandonment, subject to the one-year statute of limitations of Highway Law § 205 (2).

At first blush, the petition has many of the markings of a CPLR article 78 proceeding, as it seeks, in effect, to prohibit a municipality's enforcement of its town board's resolution and certificate of abandonment. Moreover, the sixth cause of action alleges that the Town violated SEQRA by issuing a negative declaration of significance and declining to prepare and circulate an Environmental Impact Statement. Additionally, the determination of the petition might be dependent upon resolving related questions of fact. However, neatly fitting Dandomar's petition into a CPLR article 78 box fails to resolve the pivotal issue that exists here between the conflicting limitations provisions of CPLR 217 (1) and Highway Law § 205 (2). Therefore, under the peculiar circumstances of this case, and for reasons set forth below, we treat the first five causes of action involving the abandonment of a public highway as an action seeking declaratory relief under Highway Law § 205 (1) and hold that the one-year limitations period of Highway Law § 205 (2) governs those causes of action. As explained below, we decline to treat the sixth cause of action, alleging a SEQRA violation, as one seeking declaratory relief.

In 1962, the Legislature enacted CPLR 217, the four-month statute of limitations generally applicable to proceedings against a municipal body or officer. This law became effective September 1, 1963 (L 1962, ch 308, § 1). In the same bill, the Legislature added CPLR 201, which provides that the statutes of limitations in article 2 of the CPLR generally govern any civil "action, . . . unless a different time is prescribed by law," and CPLR 105 (b), which defines "action" to include a special proceeding (*id.*). Thereafter, Highway Law § 205 (2) was amended, effective September 1, 1966, to add the one-year statute of limitations provision for "any action or proceeding" involving abandon-

ment in which the town superintendent has filed a certificate of abandonment (L 1966, ch 506, § 2).

It is a fundamental tenet of statutory construction that the Legislature is presumed to be aware of the law in existence at the time of an enactment, as well as the effect and implication of its own enactments (*see Brady v Village of Malverne*, 76 AD3d 691, 693 [2010]; *Llanos v Shell Oil Co.*, 55 AD3d 796, 798 [2008]). Relatedly, "a prior general statute must yield to a later more specific statute" (*People v Avilas, Inc.*, 29 AD3d 764, 765 [2006]; *see Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d 149, 153 [2001]; *Matter of Lupoli*, 275 AD2d 44, 50 [2000]). Stated another way, " '[a] special statute which is in conflict with a general act covering the same subject matter controls the case and repeals the general statute insofar as the special act applies' " (*Matter of Brusco v Braun*, 84 NY2d 674, 681 [1994], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 397; *see Matter of Board of Mgrs. of Park Place Condominium v Town of Ramapo*, 247 AD2d 537 [1998]).

This Court has had occasion to apply these precepts in resolving conflicts between limitations periods. For example, we have held that the limitations period in Real Property Tax Law § 990 (1), which grants a tax-enforcing officer general authority to commence a supplementary proceeding to collect delinquent taxes, must yield to the limitations period in Real Property Tax Law § 1138 (5), which applies specifically to the situation in which the tax-enforcing officer has issued a certificate of withdrawal from a foreclosure proceeding prior to commencing the supplementary proceeding (*see Matter of County of Orange [Al Turi Landfill, Inc.]*, 75 AD3d 224, 234 [2010]). We have also held that the limitations period in CPLR 211 (c), which applies generally to actions involving claims to real property, must yield to the limitations period in RPAPL 612 (1), which applies specifically to claims based upon reverter (*see People v Avilas, Inc.*, 29 AD3d at 765). Another example is our holding that CPLR 3216, which contains provisions generally providing for the time period in which to file a note of issue, must yield to the lengthier period in former section 718 of the Real Property Tax Law, applicable to proceedings specifically commenced pursuant to Real Property Tax Law article 7 (*see Matter of Board of Mgrs. of Park Place Condominium v Town of Ramapo*, 247 AD2d at 537).

Here, we must assume that the Legislature, when it enacted Highway Law § 205 (2), was cognizant of the prior-enacted CPLR 217, applicable generally to proceedings against a munic-

ipal body or officer involving any subject matter, and CPLR 105 (b) and 201, providing that the limitations periods of the CPLR generally govern civil actions and proceedings "unless a different time is prescribed by law" (CPLR 201). In this context, the Legislature enacted a one-year limitations period applicable to any proceeding which involves a specific subject matter, namely, the abandonment of a public highway pursuant to the town highway superintendent's filing of a certificate of abandonment with the written consent of the town board. The prior-enacted statute, CPLR 217, expressly subordinates the four-month limitations period only to "shorter" periods, but contains no language subordinating it to longer periods. Conversely, Highway Law § 205 (2) contains no language subordinating the one-year limitations period to shorter periods.

Cases that might be relied upon to reach a contrary conclusion, where highway abandonment proceedings have been construed strictly as CPLR article 78 proceedings, are distinguishable. In four cases, *Pless v Town of Royalton* (185 AD2d 659 [1992], *affd* 81 NY2d 1047 [1993]); *Treadway v Town Bd. of Town of Ticonderoga* (163 AD2d 637 [1990]); *Matter of Walsh v Superintendent of Highways of Town of Poestenkill* (135 AD2d 968 [1987]); and *Matter of Shawangunk Holdings v Superintendent of Highways of Town of Shawangunk* (101 AD2d 905 [1984]), the conflict between CPLR 217 (1) and Highway Law § 205 (2) was neither raised nor discussed. In four other cases, involving municipalities' alleged objections to open, maintain, or repair a roadway, viewed as CPLR article 78 proceedings, certificates of abandonment were not filed and Highway Law § 205 was not specifically implicated (*see Matter of Town of Olive v City of New York*, 63 AD3d 1416 [2009]; *Matter of Newton v Town of Middletown*, 31 AD3d 1004 [2006]; *Matter of Aldous v Town of Lake Luzerne*, 281 AD2d 807 [2001]; *Matter of Van Aken v Town of Roxbury*, 211 AD2d 863 [1995]). Two other related cases challenged a town board resolution declaring a road "unnecessary and useless" under Highway Law § 171 (2). However, Highway Law § 171 (2) does not contain its own statute of limitations, unlike Highway Law § 205 (2) (*Schulz v Town Bd. .of Town of Queensbury*, 253 AD2d 956 [1998]; *see Salvador v Town Bd. of Town of Queensbury*, 303 AD2d 826 [2003]).

Here, where a certificate of abandonment was, in fact, filed, the first place an aggrieved party would look to challenge it is the statute specifically authorizing the action, namely, Highway Law § 205. This likely happened here, as Dandomar commenced

this proceeding on April 6, 2009, a few days prior to the expiration of the statute's one-year limitations period, and as its prayer for relief specifically references Highway Law § 205.

A further basis for our conclusion is that a construction rendering statutory language superfluous is to be avoided (*see Matter of Branford House v Michetti*, 81 NY2d 681, 688 [1993]; *Matter of County of Orange [Al Turi Landfill, Inc.]*, 75 AD3d at 234; *People v Litto*, 33 AD3d 625, 626 [2006], *affd* 8 NY3d 692 [2007]). Here, were the Court to hold that Dandomar's challenge to the certificate of abandonment is subject to a four-month statute of limitations under CPLR 217 (1), the language of Highway Law § 205 (2) applying its one-year statute to "[a]ny action or proceeding involving the abandonment . . . of a highway" would be rendered superfluous and without effect.

Moreover, while declaratory judgment actions are normally governed by a six-year limitations period (*see* CPLR 213 [1]; *Stein v Garfield Regency Condominium*, 65 AD3d 1126 [2009]), the one-year period of Highway Law § 205 (2), as the more specific statute, controls (*see Matter of Brusco v Braun*, 84 NY2d at 681).

■ Regarding the sixth cause of action, however, we specifically do not convert it from one seeking relief under CPLR article 78 to one seeking a declaratory judgment. The sixth cause of action alleges that the Town failed to take a "hard look" as required by SEQRA. It is well-established that SEQRA challenges must be commenced within four months after the determination becomes final and binding upon the petitioner (*see Matter of Young v Board of Trustees of Vil. of Blasdell*, 89 NY2d 846, 848 [1996]; *Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello*, 20 AD3d 28, 34-35 [2005]). SEQRA challenges, by definition, do not address the wisdom or merits of a municipal agency's action, but instead focus on whether the procedural requirements of SEQRA have been followed in determining the environmental impact of a proposed action (*see Matter of Save the Pine Bush v City of Albany*, 70 NY2d at 202). We find no reported case where any period longer than the four-month statute of limitations of CPLR 217 has been applied to SEQRA challenges. Therefore, the Supreme Court properly determined that the sixth cause of action was time-barred pursuant to CPLR 217.

In light of the foregoing, the order and judgment is modified, on the law, (1) by adding a provision thereto converting the first five causes of action asserted pursuant to CPLR article 78 into

an action pursuant to Highway Law § 205 for a declaratory judgment, and as to those causes of action, deeming the notice of petition to be the summons, the petition to be the complaint, and the respondents' motion to dismiss the petition as time-barred to be a motion to dismiss the complaint as time-barred, and (2) by deleting the provision thereof granting those branches of the respondents' motion which were to dismiss the first five causes of action and substituting therefor a provision denying those branches of the motion; as so modified, the order and judgment is affirmed, the first five causes of action asserted in the petition, as converted, are reinstated, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings on the merits of the first five causes of action after the respondents have been afforded an opportunity to answer the complaint.

ANGIOLILLO, FLORIO and DICKERSON, JJ., concur.

Ordered that the order and judgment is modified, on the law, (1) by adding a provision thereto converting the first five causes of action asserted pursuant to CPLR article 78 into an action pursuant to Highway Law § 205 for a declaratory judgment, and as to those causes of action, deeming the notice of petition to be the summons, the petition to be the complaint, and the respondents' motion to dismiss the petition as time-barred to be a motion to dismiss the complaint as time-barred, and (2) by deleting the provision thereof granting those branches of the respondents' motion which were to dismiss the first five causes of action and substituting therefor a provision denying those branches of the motion; as so modified, the order and judgment is affirmed, with costs to the appellant, the first five causes of action asserted in the petition, as converted, are reinstated, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings on the merits of the first five causes of action after the respondents have been afforded an opportunity to answer the complaint.