Village of Islandia v County of Suffolk (2018 NY Slip Op 04025)





Village of Islandia v County of Suffolk


2018 NY Slip Op 04025


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2015-04014
 (Index No. 33806/13)

[*1]Village of Islandia, respondent-appellant, 
v
County of Suffolk, et al., appellants-respondents.


Dennis M. Brown, County Attorney, Hauppauge, NY (John R. Petrowski of counsel), for appellants-respondents.
Joseph W. Prokop, PLLC, Central Islip, NY, for respondent-appellant.



DECISION & ORDER
In an action for declaratory relief, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated February 19, 2015. The order, insofar as appealed from, denied those branches of the defendants' motion pursuant to CPLR 3211(a) which were to dismiss the first, second, fourth, fifth, and eighth through eleventh causes of action. The order, insofar as cross-appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the third, sixth, and seventh causes of action.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff (hereinafter the Village) commenced this action seeking declaratory relief, injunctive relief, and damages, challenging the defendants' formation and operation of the Suffolk County Traffic and Parking Violations Agency (hereinafter the agency), and the agency's adjudication of tickets for violations occurring in the Village. The defendants moved to dismiss the complaint pursuant to CPLR 3211(a)(3), (5), and (7). The Supreme Court granted those branches of the motion which were to dismiss the third, sixth, and seventh causes of action based upon a determination that those causes of action were untimely, and otherwise denied the motion. The defendants appeal and the plaintiff cross-appeals.
A party may move for judgment dismissing one or more causes of action on the ground that the cause of action may not be maintained because of the statute of limitations (see CPLR 3211[a][5]). Generally, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner (see CPLR 217[1]). An action for which no limitation is specifically prescribed by law must be commenced within six years (see CPLR 213[1]).
While no period of limitation is specifically prescribed for a declaratory judgment action, the six-year catch-all limitation period of CPLR 213(1) does not necessarily apply to all such actions. Rather, in order to determine the statute of limitations applicable to an action for a declaratory judgment, a court must examine the substance of the action. Where it is determined that [*2]the parties' dispute can be, or could have been, resolved in an action or proceeding for which a specific limitation period is statutorily required, that limitation period governs (see Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202; Solnick v Whalen, 49 NY2d 224, 229; Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83, 90).
A proceeding pursuant to CPLR article 78 is unavailable to challenge the validity of a legislative act (see Matter of Save the Pine Bush v City of Albany, 70 NY2d at 202). However, when a challenge is directed to the procedure followed in enacting, rather than the substance of, legislation, a proceeding pursuant to CPLR article 78 may be maintained (see id.; P & N Tiffany Props., Inc. v Village of Tuckahoe, 33 AD3d 61, 64; Atkins v Town of Rotterdam, 266 AD2d 631, 633).
Here, the plaintiff's third cause of action alleged that the actions taken by the defendants in the formation of the agency were void, invalid, and illegal due to the failure of the defendants to comply with the requirements of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). "SEQRA challenges must be commenced within four months after the determination becomes final and binding upon the petitioner" (Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d at 94). The defendants' determination with regard to the formation of the agency became final and binding on the plaintiff more than four months prior to the commencement of the action. Accordingly, we agree with the Supreme Court's determination that the plaintiff's third cause of action was time-barred pursuant to CPLR 217 (see Matter of Save the Pine Bush v City of Albany, 70 NY2d at 203; Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d at 94).
The plaintiff's sixth and seventh causes of action alleged, inter alia, that actions taken by the defendants in the formation and operation of the agency were void and illegal due to the defendants' failure to conduct a referendum as required by section 33-a of the Municipal Home Rule Law and article 9 of the New York State Constitution. As the plaintiff's sixth and seventh causes of action did not address the merits of the defendants' actions, but rather focused on whether certain required procedures had been followed, these causes of action also could have been brought pursuant to CPLR article 78, and, thus, we agree with the Supreme Court's determination that those causes of action were time-barred pursuant to CPLR 217 (see P & N Tiffany Props., Inc. v Village of Tuckahoe, 33 AD3d at 65-66; Atkins v Town of Rotterdam, 266 AD2d at 633).
However, the plaintiff's remaining causes of action, for declaratory relief, injunctive relief, and damages, inter alia, challenging the substantive validity of the defendants' formation of the agency and the defendants' continuing actions with respect to the adjudication of tickets issued for violations occurring in the Village, either could not have been maintained in a proceeding pursuant to CPLR article 78 (see CPLR 7803; see also Matter of Save the Pine Bush v City of Albany, 70 NY2d at 202; Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d at 91), or related to ongoing actions of the defendants, and, thus, were not barred by the four-month limitation period under CPLR 217(1). Accordingly, since the six-year statute of limitations of CPLR 213(1) applies, we agree with the Supreme Court's determination denying those branches of the defendants' motion which were to dismiss the plaintiff's remaining causes of action as time-barred.
We also agree with the Supreme Court's determination denying those branches of the defendants' motion which were to dismiss the remaining causes of action for lack of standing. A party may move for judgment dismissing one or more causes of action on the ground that the party asserting the cause of action lacks legal capacity to sue (see CPLR 3211[a][3]). In order to establish standing, a party must establish an "injury in fact—an actual legal stake in the matter being adjudicated" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772). Moreover, to establish standing to challenge governmental action, a party must establish an injury in fact that " falls within the "zone of interests," or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted'" (Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 409-410, quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d at 773, quoting Lujan v National Wildlife Fedn., 497 US 871, 883; see Matter of Graziano v County [*3]of Albany, 3 NY3d 475, 479; Matter of Quast v Westchester County Bd. of Elections, 155 AD3d 674, 675). Here, the amended complaint, which alleged economic and other harm resulting from the defendants' actions, inter alia, in forming and operating the agency, sufficiently alleged standing (see generally Society of Plastics Indus. v County of Suffolk, 77 NY2d at 772).
A party may move for judgment dismissing one or more causes of action on the ground that the pleading fails to state a cause of action (see CPLR 3211[a][7]). In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction and the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Chanko v American Broadcasting Cos., Inc., 27 NY3d 46, 52; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Kassapian v City of New York, 155 AD3d 851, 853; Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38).
Where a cause of action is sufficient to invoke the Supreme Court's power to render a declaratory judgment as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss that cause of action should be denied (see CPLR 3001; North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d 885, 890; DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d 725, 728; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150).
Accepting the facts as alleged in the amended complaint as true, and according the plaintiff the benefit of every possible favorable inference, the amended complaint, at a minimum, was sufficient to invoke the Supreme Court's power to render a declaratory judgment as to the rights and legal relations of the parties (see CPLR 3001; see also Chanko v American Broadcasting Cos., Inc., 27 NY3d at 52; Leon v Martinez, 84 NY2d at 87-88; Matter of Soldatenko v Village of Scarsdale Zoning Bd. of Appeals, 138 AD3d 1002, 1003; M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner, 126 AD3d 857, 858-859). Moreover, we agree with the court's determination denying those branches of the defendants' motion which were to dismiss the remaining causes of action, pursuant to CPLR 3211(a)(7), for injunctive relief and damages.
SCHEINKMAN, P.J., DUFFY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court