## Jackson v Town of Nanticoke

2025 NY Slip Op 30971(U)

March 27, 2025

Supreme Court, Broome County

Docket Number: Index No. EFCA2022002212

Judge: Eugene D. Faughnan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

PRESENT:     HON. EUGENE D. FAUGHNAN
Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME

---

GERALD JACKSON, MARILYN MASON, LINDA MOORE and JEFFREY MASON, as CO-SUCCESSOR TRUSTEES OF THE JACKSON FAMILY TRUST,

                    Plaintiffs/Petitioners,

      vs.

TOWN OF NANTICOKE,
TOWN OF NANTICOKE TOWN BOARD,
TOWN OF NANTICOKE HIGHWAY DEPARTMENT,
JAMES SHEAR, as Highway Superintendent of the Town of Nanticoke, QUAD-TECH SOLUTIONS, INC. and BRIAN BAILEY JR.,

                    Defendants/Respondents.

**DECISION, ORDER and JUDGMENT**

Index No. EFCA2022002212

---

APPEARANCES:

Counsel for Plaintiffs/Petitioners:

Hinman Howard & Kattell, LLP
BY: RICHARD C. LEWIS, ESQ.
80 Exchange Street
PO Box 5250
Binghamton, NY 13902-5250

Counsel for Town
Defendants/Respondents:

Coughlin & Gerhart LLP
BY: NICHOLAS S. CORTESE, ESQ.
     ROBERT H. MCKERTICH, ESQ.
99 Corporate Drive
P.O. Box 2039
Binghamton, NY 13904

Counsel for Quad-Tech Solutions, Inc.        Hancock Estabrook, LLP
Defendant/Respondent                          BY: RYAN M. POPLAWSKI, ESQ.
                                              1800 AXA Tower I
                                              100 Madison Street
                                              Syracuse, NY 13202

Brian Bailey, pro se                          105 Fairbanks Rd.
Defendant/Respondent                          Nanticoke, NY 13797


**EUGENE D. FAUGHNAN, J.S.C.**

This matter is before the Court to consider the motion filed by Defendants-Respondents Town of Nanticoke, Town of Nanticoke Town Board, Town of Nanticoke Highway Department, and James Shear, as Highway Superintendent for the Town of Nanticoke ("Town" or "Town Defendants") to dismiss the causes of action asserted against the Town in the Amended Verified Petition/Complaint filed by Joyce Jackson in her individual capacity and as Trustee of the Jackson Family Trust. Oral argument on the motion was conducted and attorneys for the parties were present. Subsequently, Petitioner passed away and the case was stayed pending proper substitution. After the appointment of successor Trustees for the Trust, there were additional conferences and negotiations. When no resolution was reached, the Court deemed the record closed for the motion. After due deliberation, this Decision and Order constitutes the determination of this Court.

**BACKGROUND FACTS**

This case involves a property dispute and a Resolution by the Town to abandon a 545-foot section of Fairbanks Road in the Town of Nanticoke. The Jackson Family Trust owns property at 100 Fairbanks Road ("Jackson property"). Joyce Jackson owned the property for many years and then placed it in the Jackson Family Trust in 2008. A Verified Petition and Complaint was filed on November 17, 2022, as a combined Article 78 and declaratory action, seeking to annul and reverse the Town's decision to abandon the road. An Amended Verified Petition and Complaint was filed on January 3, 2023. By an Order dated February 15, 2024 the

2

Court permitted substitution of the co-successor Trustees of the Jackson Family Trust and amendment of the caption.

Brian Bailey owns property located at 105 Fairbanks Rd., and Quad-Tech Solutions, LLC ("Quad-Tech") owns property at 115 Fairbanks Road. Plaintiffs/Petitioners allege that, for almost 100 years, access to Jackson property has been by way of Fairbanks Road, even though a portion of the road is unpaved. Other than that access, the Jackson property is essentially landlocked.[1]

Fairbanks Road runs in a generally north-south direction, and as it proceeds to the south, it passes by or through the Quad-Tech property and Bailey property before reaching the Jackson property.[2] The road is paved at the northern portion, but then becomes unpaved over the southern portion of the Bailey property and extending further south to the Jackson property.

In November 2021, Quad-Tech sent a letter to the Town of Nanticoke to make a formal complaint about road work that had been recently done on Fairbanks Road across the Quad-Tech property. Quad-Tech also requested that the southern part of the road be deemed abandoned. Amongst other things, Quad-Tech contended that when it bought the property in 2011, there was no road in that area. Apparently, that is the way Quad-Tech preferred it to remain. The letter also alleged that the unpaved portion of Fairbanks Road had not been maintained in the 10 years that Quad-Tech owned the property and that there was no snow removal undertaken. Quad-Tech followed up with another letter to the Town in March 2022 asking the road to be abandoned.

The Town Highway Superintendent signed a Certificate of Abandonment on September 13, 2022 and, on the same date, the Town Board passed a Resolution declaring that the unpaved portion of Fairbanks Road was abandoned. The validity of that Resolution is being challenged in this action.

The Amended Verified Petition and Complaint sets forth three causes of action. The first two are against the Town and the third is against Bailey and Quad-Tech. The first cause of action, pursuant to Article 78, is in the nature of a writ of certiorari, and seeks to have this Court

---

[1] Although the Trust owns adjacent property to the south with access to Route 26, the terrain is virtually impassable and does not reasonably allow travel from the northern portion of the Jackson Property to Route 26. That makes the Fairbanks Road access critical for the Jackson property.

[2] The Bailey parcel (as well as a parcel owned by a party not involved in this action) appears to have been carved out of the Quad-Tech parcel and is fully surrounded and enveloped by the Quad-Tech property; Fairbanks Road passes the northern most part of the Quad-Tech property, then proceeds along the Bailey property and back again to Quad-Tech property.

3

reverse the Town's decision to abandon Fairbanks Road. Petitioners claim that the Town's action was arbitrary and capricious, and that the Town relied solely upon the letters from Quad-Tech, without undertaking any investigation as to the state of the unpaved portion of Fairbanks Road. The second cause of action, also under Article 78 (under a theory of mandamus) claims that a review under the State Environmental Quality Review Act ("SEQRA") was required with respect to the environmental impacts of the abandonment of Fairbanks Road, and that the Town failed to conduct the review. The third cause of action is against Quad-Tech and Bailey seeking declaratory judgment that the road is not abandoned, remains Town property and is not property of Quad-Tech or Bailey.[3]

On this motion to dismiss, the Town argues that: 1) the first cause of action is not ripe because the Town did not make the <u>determination</u> that Fairbanks Road had not been travelled or used as a highway for six years (as required for abandonment of a road under the Highway Law) but rather, the Town simply acknowledged that an abandonment had occurred; 2) a challenge to the abandonment of a Town Road is properly brought by an action under Highway Law § 205 and not by an Article 78; and 3) that no SEQRA determination was needed in this case because the Town's action was ministerial in nature.

At the conclusion of the oral argument on the motions, the Court permitted Plaintiff/Petitioner an opportunity to submit additional arguments in writing, but no further information was received. The case was continued for a Reserved Decision on the motion, but then Petitioner passed away and the matter was stayed. After the parties advised that co-successor Trustees had been appointed, the Court directed substitution for the Plaintiff/Petitioner and scheduled a conference in July 2024. No resolution was reached so the Court directed a status report by August 22, 2024. Petitioners filed a Supplemental Attorney Affirmation and exhibits on August 29, 2024 and the Town objected to that submission, which was made long after the oral argument on the motion. However, the August 2024 submission contains the same information as contained in the original opposition to the motion and it does not appear that the Town will suffer any prejudice. In the exercise of discretion, the Court will permit the filing and consider the August 29, 2024 submission.

---

[3] There is also a second action in connection with this property dispute and that is EFCA2023001146, with just Bailey and Quad-Tech are named as defendants. In that case, Petitioners seek a finding that they are entitled to ownership of the unpaved portion of Fairbanks Road by adverse possession, or that they have an easement over that unpaved portion of Fairbanks Road. That action is not part of the instant motion to dismiss.

4

## LEGAL DISCUSSION AND ANALYSIS

Highway Law § 205(1) provides that "every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway .... The town superintendent with the written consent of a majority of the town board shall file, and cause to be recorded in the town clerk's office of the town a written description, signed by him, and by said town board of each highway and public right-of-way so abandoned, and the same shall thereupon be discontinued." A party may commence a declaratory judgment action to have a determination made as to whether a public road has been abandoned. *See e.g. Matter of Dashnaw v. Town of Peru*, 111 AD3d 1222 (3rd Dept. 2013); *Daetsch v. Taber*, 149 AD2d 864 (3rd Dept. 1989)

Within its motion to dismiss the Amended Petition and Complaint, the Town has asserted that an action or proceeding pursuant to Highway Law § 205, and not an Article 78 action, is the proper way to challenge a determination that a road has been abandoned. At oral argument on the motion, Petitioners were not willing to concede that issue.

This case is factually very similar to the situation presented in *Matter of Dandomar Co., LLC v. Town of Pleasant Val. Town Bd.*, 86 AD3d 83 (2nd Dept. 2011). In that case, Rockefeller University requested that the Town abandon an unpaved segment of Tyrell Road. The road was paved on both ends but unpaved in the middle. After a long period of inactivity following the University's request, the Town Board finally passed a resolution authorizing the execution of a certificate of abandonment for the requested portion of the road. Dandomar Company subsequently purchased property on the paved portion of Tyrell Road but was unable to use the full length of the road because the abandonment severed the connection between the paved portions of Tyrell Road. Dandomar filed a Notice of Petition and Petition pursuant to Article 78 and Highway Law § 205(1), seeking to vacate the certificate of abandonment and to direct the Town to maintain the entire road. Dandomar claimed there was no support for the Town Board's conclusion that the unpaved portion of the road had been unused for six years. The Second Department discussed the distinctions between Article 78 actions and declaratory judgment actions. An Article 78 proceeding can result in a court direction for a party to perform a specific act or refrain from doing something; a declaratory judgment action determines a party's rights with regard to the subject matter of the case. The *Dandomar* court concluded that the causes of action asserted under Article 78 should be converted to a declaratory judgment action under

5

Highway Law § 205, placing emphasis on the fact that "where a certificate of abandonment was, in fact, filed, the first place an aggrieved party would look to challenge it is the statute specifically authorizing the action, namely Highway Law § 205." *Matter of Dandomar Co., LLC v. Town of Pleasant Val. Town Bd.*, 86 AD3d at 93. The court held that the causes of action challenging the abandonment of a public highway were claims for declaratory relief under the Highway Law § 205 and not truly an action under Article 78.

In the instant case, the Petitioners are challenging the Resolution to abandon the southern part of Fairbanks Road. They claim that the Town improperly relied only on the letters from Quad-Tech to conclude that the disputed portion of the road was abandoned, and that Petitioners were never even informed that the Town Board was considering abandonment. As noted by *Matter of Dandomar*, a party seeking to challenge a certificate of abandonment begins by considering the remedy and procedure authorized under Highway Law § 205, and that is the proper form of the action.

However, the second cause of action is different and arises under a different area of law-SEQRA. The claim that the Town was required to undertake an environmental review is properly an Article 78 action. *See, Dandomar Co., LLC v. Town of Pleasant Val. Town Bd.*, 86 AD3d 83; *Matter of Baker v. Village of Elmsford*, 70 AD3d 181 (2nd Dept. 2009). The issue will be whether the Town followed the procedural requirements of SEQRA; not the merits of the Town's action or decision to deem the road abandoned. Compliance with SEQRA is properly considered in an Article 78 action. Therefore, the Court will not convert the second cause of action to a declaratory judgment.

The Court also notes that if Petitioners prevail on the first cause of action challenging the validity of the Resolution to abandon the 545 foot portion of Fairbanks Road, then the Town's determination will be nullified and no SEQRA review will be needed.[4] On the other hand, if the Town successfully establishes abandonment, then it would be appropriate to consider whether the SEQRA requirements were met. At this point, any formal determination as to what, if any, actions were required under SEQRA would be premature.

Even though an Article 78 was not the proper way to challenge the Town Resolution, that defect does not require dismissal of the first cause of action against the Town. The Court has the

---

[4] The burden of establishing abandonment is on the party claiming that the highway has been abandoned. *Smigel v. Town of Rensselaerville*, 283 AD2d 863 (3rd Dept. 2001).

6

power to convert an action from an improper form to the proper form. *See, Matter of Dicker v. Glen Oaks Vil. Owners, Inc.*, 214 AD3d 977 (2nd Dept. 2023); *Matter of Dandomar Co., LLC v. Town of Pleasant Val. Town Bd.*, 86 AD3d 83; CPLR 103(c). Given the Court's conclusion that Petitioners' claims regarding the Resolution of abandonment is more appropriately considered under Highway Law § 205, the Court will convert the first cause of action to a declaratory judgment claim under Highway Law § 205. Since the Petitioners' pleading is both a Petition (which would be appropriate for an Article 78 action) and a Complaint (which would be used for a declaratory judgment), it is not necessary for the Court to deem the Petition to be a Complaint, or for any amendment of the pleading.

## CONCLUSION

Based on all the foregoing, the Court concludes that the first cause of action challenging the Town Board's Resolution that the disputed portion of Fairbanks Road was abandoned is not an Article 78 claim and the first cause of action will be converted to a declaratory judgment action. Further, the second cause of action asserting the a SEQRA review should have been conducted is properly an Article 78 claim, but cannot be considered prior to a determination as to the validity of the Board's Resolution of the abandonment of a portion of Fairbanks Road.

Accordingly, based on all the foregoing and after due deliberation, it is hereby

ORDERED, that Defendants/Respondents motion to dismiss the Amended Petition/Complaint against it is DENIED; however the first cause of action is converted to an action under Highway Law § 205 for declaratory judgment.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated:     March 27, 2025
           Binghamton, New York

_____
HON. EUGENE D. FAUGHNAN
Supreme Court Justice

7

The Court has considered all the documents contained in the electronic file, including the following:

1. Notice of Petition and Petition filed on November 17, 2022, with affirmation of Richard C. Lewis, Esq., dated November 15, 2022; affidavit of Andrew Jackson, sworn to on November 11, 2022; affidavit of Lewis Jackson, sworn to on November 14, 2022; affidavit of Michael Holden, sworn to on November 14, 2022; affidavit of Richard Gummoe, sworn to on November 4, 2022; affidavit of Christopher Slack, sworn to on November 4, 2022; and Memorandum of Law dated November 5, 2022;

2. Notice of Petition dated January 3, 2023 and Amended Verified Petition and Complaint dated December 29, 2022; affirmation of Richard C. Lewis, Esq., dated January 3, 2023; affidavit of Andrew Jackson, sworn to November 11, 2022; affidavit of Lewis Jackson, sworn to November 14, 2022; affidavit of Richard Gummoe, sworn to November 4, 2022; affidavit of Christopher Slack, sworn to November 4, 2022; and supplemental affidavit of Lewis Jackson, sworn to on January 3, 2023;

3. Notice of Motion to dismiss dated September 11, 2023, with affirmation of Nicholas S. Cortese, Esq., dated September 11, 2023; and Memorandum of Law dated September 11, 2023;

4. Affirmation of Richard C. Lewis, Esq., in Reply (and in opposition to the motion to dismiss), dated September 26, 2023; and Memorandum of Law dated September 26, 2023;

5. Answer with affirmative defenses filed by Quad-Tech, dated March 7, 2024;

6. Affidavit of Lewis Jackson, dated August 27, 2024, with Exhibits "A" through "D"; * the Town Defendants/Respondents objected to Petitioners' August 27, 2024 submission, which was addressed in the body of this Decision.

8